STEPHEN HAFFORD *vs.* CITY OF NEW BEDFORD.

A city is not liable for a personal injury occasioned by the negligence of the members, appointed and paid by the city council, of a fire department established by the city council, pursuant to an act of the legislature.

ACTION OF TORT. Writ dated August 31st 1858. The declaration alleged "that the said city of New Bedford, as a municipal corporation, and in its capacity as such corporation, being legally authorized and required by law so to do, had purchased and provided divers fire engines, hose carriages and other apparatus connected therewith, for the extinguishment of public fires, and that on the first day of December last past such fire engines, hose carriages and apparatus were owned by said city of New Bedford, and that said city of New Bedford had then and theretofore employed, appointed and qualified divers persons to act as the officers, servants and agents, and to be under the control of said city in the management and use of said fire engines, hose carriages and apparatus whenever any exigency requiring the use of such fire engines, hose carriages and apparatus should occur; that in pursuance of their appointment, employment and qualification as aforesaid, and as they were required to do by virtue of the same, certain of said persons in their said capacity as servants and firemen of said city, whose names are to the plaintiff unknown, when there was a public alarm of fire, and when there was an exigency requiring that said engines, hose carriages and other apparatus should be used and managed by them, on the first day of December last past, were proceeding to use and manage one of said hose carriages in and along a certain common and public highway in said city of New Bedford, known as Purchase Street; that then the plaintiff was walking in and upon said public highway, and was exercising due and reasonable care, caution and diligence in walking as aforesaid; that while so walking, the said persons, being then and there agents, officers and servants appointed, employed and qualified by said city to manage and

use said hose carriages, and being then in the use and manage-
ment of said hose carriage, and in the exercise of the service,
employment, appointment and qualification as aforesaid, care-
lessly and negligently drew the said hose carriage against the
body of the plaintiff with great violence, so that the plaintiff
was thrown down " and greatly injured ; and that his injuries
" were wholly caused by the negligent and careless exercise of
their service and employment by the servants, agents and offi-
cers of said city of New Bedford, in the management and use
of said hose carriage, and not by any want of due and reason-
able care, diligence and caution of the plaintiff, and that the
plaintiff is entitled in law to recover of the said city of New
Bedford damages and indemnity for said injuries."

The defendant demurred to the declaration, but at October
term 1859 was permitted to withdraw the demurrer, and file the
following answer :

" And now the defendant comes and admits that on the first
day of December 1857 the said city of New Bedford, as a
municipal corporation, and in its capacity as such corporation,
being legally authorized by law so to do,* had purchased and

---

* The *St.* of 1852, *c.* 177, entitled " an act for the better organization of
the fire department in the city of New Bedford," approved by the governor
on the 5th of May 1852, and duly accepted by the city council, consists of the
following provisions : •

SECT. 1. The city council of the city of New Bedford may establish a fire
department for said city, to consist of so many engineers and other officers,
and so many enginemen and other members, as the city council by ordinance
shall from time to time prescribe ; and said city council shall have authority to
make such provisions in regard to the time and mode of appointment and the
occasion and mode of removal of either such officers or members, to make such
requisitions in respect to their qualifications and period of service, to define
their office and duties, to fix and pay such compensation for their services, and
in general to make such regulations in regard to their conduct and government,
and to the management and conduct of fires, and persons attending at fires,
subject to the penalties provided for the breach of the city by-laws, as they
shall deem expedient : provided, that the appointment of enginemen, hosemen
and hook-and-ladder-men shall be made by the mayor and aldermen.

" SECT. 2. The powers and duties mentioned in the preceding section, or
any of them, may be exercised and carried into effect by the said council in

provided divers fire engines, hose carriages and other apparatus connected therewith, for the extinguishment of public fires; and that said city of New Bedford had then and theretofore appointed and qualified divers persons to act as the officers of the fire department of said city, in the management and use of said fire engines, hose carriages and apparatus, whenever any exigency requiring the use of such fire engines, hose carriages and apparatus should occur; and that the said city was the owner of said engines, hose carriages and apparatus as aforesaid, and not otherwise; and the persons so appointed and qualified had then and there the management and control of the same as aforesaid, and not otherwise. But the defendant denies that on the said first day of December there was any such public alarm of fire or any such exigency as required that said engines, hose carriages and apparatus should be used, and further denies that the persons using said hose carriage were the servants of said

any manner which they may prescribe, and through the agency of any persons or any board or boards to whom they may delegate the same.

SECT. 3. The engineers or other officers of the department so appointed as aforesaid shall have the same authority in regard to the prevention and extinguishment of fires, and the performance of the other offices and duties now incumbent upon the firewards, as are now conferred upon firewards by the Revised Statutes, or the special acts relating to the city of New Bedford, now in force. They shall also have authority, in compliance with any ordinance of said city, to make an examination of places where shavings and other combustible materials are collected or deposited, and to require the removal of such materials, or the adoption of suitable safeguards against fire. And said city council are hereby authorized to make suitable ordinances upon this latter subject matter, and annex suitable penalties for the violation thereof.

" SECT. 4. All officers and members of said fire department shall be exempted from military duty, or from serving as jurors or constables, during the time of their employment in said department.

" SECT. 5. The city council aforesaid are hereby authorized, whenever and as often as they shall deem it expedient, to appropriate any sum or sums of money, in the way that may be judged by said council most advisable, for the relief or indemnity of any officer or member of the fire department, who may sustain corporal injury, or contract sickness, in the discharge of his duty as an officer or member of said department.

" SECT. 6. This act shall take effect from and after its acceptance by the city council of said city."

city, or acting in pursuance of their appointment and qualification as such in the use thereof as is alleged. And the defendant denies that the plaintiff was exercising due and reasonable care, caution and diligence as is alleged. And the defendant is ignorant whether any persons drew said hose carriage against the body of the plaintiff with violence, as is alleged, causing the injuries, as alleged, or the extent and nature of said injuries, if any, so that it can neither admit nor deny the said allegation, but leaves the plaintiff to prove the same; but the defendant denies that said hose carriage was carelessly or negligently used. And the defendant further says, that if any accident occurred to or injury was inflicted upon said plaintiff, it was occasioned by his own negligence and carelessness, and not through any fault of the defendant. And the defendant further answering says, that there is no requirement of law which renders this defendant liable for any act, omission, carelessness or default of the members of the fire department, in the use of said engines, hose carriages and other apparatus connected therewith for the extinguishment of public fires."

A trial was had at November term 1859, before *Bigelow*, J.; who made the following report thereof:

" The writ, declaration and answer are to be referred to and make a part of the case. The plaintiff offered evidence tending to show that at the time stated in the declaration, in the evening, he was walking along on the flagged sidewalk on Purchase Street in said city and was using due care and diligence, when there was an alarm of fire, and certain members of the fire department of said city, (appointed and paid for their services, as by the city ordinances, to be referred to, is provided,) upon a fast run, drew a hose reel belonging to the city along upon the sidewalk, and therewith struck the plaintiff with great violence, throwing him down, running over him, and injuring him severely. Evidence was offered tending to show that said members of the fire department as aforesaid at the time when the plaintiff was so struck down as aforesaid had been drawing said hose reel upon the sidewalk from the time they had taken it from the engine house, a distance of some ten or fifteen rods.

Upon this evidence, the court being of opinion that the action could not be maintained, the case was withdrawn from the jury, to be submitted to the whole court. If the whole court are of opinion that the action cannot be maintained, judgment is to be rendered for the defendants; otherwise, the case is to be sent back for a trial by the jury."

*C. I. Reed,* for the plaintiff. The enginemen and hosemen of New Bedford are appointed and paid by the city, and it was their duty on an alarm of fire to proceed to the place of the conflagration with their engine and hose carriages, and while so employed they were the servants of the city. *St.* 1852, *c.* 177, §§ 1, 3. New Bedford City Ordinances, *c.* 22, §§ 10, 16, 26. If the members of the fire department drawing the reel when the plaintiff received the injury had been in the employ of an individual or any corporation other than a municipal corporation, the employer would have been liable to this action. *Moore* v. *Fitchburg Railroad,* 4 Gray, 465. *Lowell* v. *Boston & Lowell Railroad,* 23 Pick. 24. The defendants, although a municipal corporation, are liable in this action. *Baker* v. *Boston,* 12 Pick. 195. *Thayer* v. *Boston,* 19 Pick. 515, 516. *Clark* v. *Washington,* 12 Wheat. 40. *Lawrence* v. *Fairhaven,* 5 Gray, 119. *Eastman* v. *Meredith,* 36 N. H. 284. Suppose the driver of a city cart in Boston runs into the carriage of another person under such circumstances as to make his employer, if an individual or private corporation, liable for the injury; would the fact that his employer is a municipal corporation be a defence in an action against the city? Suppose a city or town is erecting a public building and does it so negligently as to injure some person. Towns may acquire real estate and bring real actions. *Windham* v. *Portland,* 4 Mass. 389. *Rehoboth* v. *Hunt,* 1 Pick. 224. Towns are authorized to have an almshouse and a farm connected with it. If they carry on the farm have not they the same liabilities as any farmer, if they trespass on a neighbor's land? Whenever the legislature grant a power or confer a privilege upon a person or corporation, whether municipal or otherwise, that power or privilege is attended with corresponding duties and liabilities, unless the contrary intention is expressed. *Cogs-*

*well* v. *Essex Mill Corporation,* 6 Pick. 94. *Lawrence* v. *Fairhaven,* 5 Gray, 119. *St.* 1852, *c.* 177. Municipal corporations have rights not conferred by statute. Parishes are, like towns, *quasi* corporations, yet they have often been held liable to actions of tort not given by statute. *Howard* v. *First Parish in North Bridgewater,* 7 Pick. 138.

*J. H. Clifford,* ( *W. W. Crapo* with him,) for the defendant, cited *Riddle* v. *Proprietors of Locks & Canals,* 7 Mass. 187; *Mower* v. *Leicester,* 9 Mass. 247; *Sawyer* v. *Northfield,* 7 Cush. 494; *Eastman* v. *Meredith,* 36 N. H. 284; *Bigelow* v. *Randolph,* 14 Gray, 541; *Allen* v. *Taunton,* 19 Pick. 485; *Taylor* v. *Plymouth,* 8 Met. 462; *Coffin* v. *Nantucket,* 5 Cush. 269; *Ruggles* v. *Nantucket,* 11 Cush. 433; *St.* 1852, *c.* 177, § 5.

BIGELOW, C. J. Where a municipal corporation elects or appoints an officer, in obedience to an act of the legislature, to perform a public service, in which the city or town has no particular interest, and from which it derives no special benefit or advantage in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by law for the general welfare of the inhabitants or of the community, such officer cannot be regarded as a servant or agent, for whose negligence or want of skill in the performance of his duties a town or city can be held liable. The acts proved at the trial fall within this principle, and are not such as to render the defendant liable to an action. The members of the fire department of New Bedford, when acting in the discharge of their duties, are not servants or agents in the employment of the city, for whose conduct the city can be held liable; but they act rather as officers of the city, charged with the performance of a certain public duty or service; and no action will lie against the city for their negligence or improper conduct, while acting in the discharge of their official duty.

*Judgment for the defendant.*