## EVA E. ARMS, ADM'X, ETC.,

### v.

## THE CITY OF KNOXVILLE.

*Municipal Corporations—Personal Injuries—Bursting of Cannon in Street—Pleading—Negligence—Responsibility of City.*

1. In a declaration, in an action against a city to recover damages for the death of a person killed by the bursting of a cannon in a public street, the allegation that the defendant did knowingly, wrongfully and negligently *permit*, etc., etc., will, taken in connection with the rest of the declaration, be construed to mean that the permission charged was the failure of the city to interfere and stop the acts complained of and not a *postive permission* given in advance.

2. The negligence of police or peace officers in failing to stop the firing of a cannon, known to be dangerous, upon the streets of a city, does not render the city liable to the administratrix of a person killed as the result of such negligence.

[Opinion filed  December 18, 1889.]

In error to the Circuit Court of Knox County; the Hon. John J. Glenn, Judge, presiding.

Messrs. McKenzie & Wood, for plaintiff in error.

The motion in arrest should not have been allowed so long as the declaration set out the substance of a sufficient cause of action, and contained no patent intrinsic defect of substance.   Evans v. Lohr, 2 Scam. 511; Culver v. Third National Bank, 64 Ill. 528; Jones v. People, 53 Ill. 366; Commercial Ins. Co. v. Treasury Bank, 61 Ill. 433.

The cases cited by defendant in error in support of his claim, that the words of the declaration must be construed most strongly against the pleader and most favorably to the defendant, and that the charge in the declaration that defendant "knowingly, wrongfully and negligently did permit," can only be construed as charging that defendant did not prevent, the court will notice were not construed after verdict and upon motion in arrest, but were construed upon demurrer.   See Maenner v. Carroll, 46 Maryland, 215; Robinson v. Greenville, 42 Ohio St. 625.

The law is that upon motion in arrest, a party making such motion, by so doing confesses that the plaintiff has sustained his declaration by all proof of which his case is susceptible under his declaration.

Before verdict the rule is somewhat strict against the pleader.   After verdict every intendment is in favor of the verdict and of the pleading under which it is obtained.   Under such principles the intendment in this case is, there was express license alleged and proven.   The defendant in error admits that in such case the city is liable.   A city in the management of corporate property must be held to the same responsibilities that attach to individuals for injury to the property (of course life and limb) of others.   Chicago v. Brennan, 65 Ill. 160; Nevins v. City of Peoria, 41 Ill. 502 ; City of Joliet v. Harwood, 86 Ill. 110 ; City of Joliet v. Seward, 86 Ill. 402; 99 Ill. 267 ; Stanley v. City of Davenport, 54 Ia. 465 ; Rushville v. Adams, 107 Ind. 476 ; Chicago v. Hoy, 75 Ill. 530.

The defendant in error cites upon the merits five cases only.

Of these Lafayette v. Timberlake, 88 Ind. 330, and Falkner v. City of Aurora, 85 Ind. 130, hold a city is not liable for not preventing coasting. In Falkner v. Aurora, the court puts its decision upon this ground: The sport in which they (the coasters) were engaged was not necessarily a nuisance; it might have been carried on innocently. See also Hutchinson v. Concord, 41 Vt. 271; Burford v. Grand Rapids, 53 Mich. 98.

Of the five cases cited by defendant in error upon the merits the two coasting cases are inapplicable. The case of Robinson v. Greenville, 42 O. St. 625, passed off on demurrer, but it declares cannon firing in the streets an intolerable nuisance, and suggests that if actively permitted or licensed the city would be liable.

A city is bound to prevent a nuisance in its streets, rendering the same unsafe or insecure, if it can do so by ordinary and reasonable care and diligence. Taylor v. Cumberland, 64 Md. 68.

Ball v. Town of Woodbine, 61 Iowa, 85, went off, upon demurrer. The gravamen of the charge was the failure to prevent a violation of an ordinance, not that "the town knowingly, wrongfully and negligently permitted the needless and dangerous firing."

As for the case of Norristown v. Fitzpatrick, 94 Penn. St. 121, the plaintiff in error will not fear its effect. The Supreme Court of Pennsylvania is not among that class of courts that, while in the minority, seem to hold the safer and more sensible rule upon the question of municipal liability. Nevins v. City of Peoria, 41 Ill. 502.

Mr. FREDERICK A. WILLOUGHBY, for defendant in error.

UPTON, P. J. This was an action commenced in the Knox County Circuit Court by the plaintiff in error, as administratrix of the estate of Henry W. Arms, deceased, against the defendant in error, for the alleged knowing, wrongful and negligent permitting of divers persons to assemble on its streets, and fire a piece of cast iron bored out as a cannon,

which was dangerous to life and limb of the passer by, as is alleged, and by means of which firing the cannon burst when so fired and a fragment thereof struck and killed Henry W. Arms, plaintiff in error's intestate, while he was lawfully upon the street and in the exercise of due and proper care and caution as is alleged.    Plea of the general issue and trial by a jury who found a verdict for plaintiff in error for $2,300.    A motion in arrest of judgment was interposed which the court sustained.    The case comes here on writ of error, and the only question presented by the record before us is, whether the declaration sets out substantially a cause of action.

It will be seen upon examination of the plaintiff's amended declaration as set out in the record, that the only allegations of culpability of defendant in error are contained in the third and fifth paragraphs thereof.    The third alleges that the defendant did "knowingly, wrongfully and negligently permit divers persons  *  *  *  to carelessly, dangerously, needlessly, and to the danger of life and limb  *  *  *  load and fire a piece of cast iron bored out as a cannon  *  *  *  which said cannon  *  *  *  loaded and fired as aforesaid was dangerous to life and limb  *  *  *  all of which defendant well knew," etc.    This paragraph wholly fails to disclose the character of the " permission " charged, whether active, (*i. e.*) given in advance of the firing complained of by actual consent, or whether it consisted in mere passiveness or non-interference with the firing while going on.    In the preceding clause of the declaration it is alleged that it was the duty of the defendant in error " to prevent the use in the street of  *  *  *  all deadly and dangerous machinery," etc., which would indicate that the pleader intended to charge a failure to suppress, rather than a previous consent given, and the phrase, " negligently permit," contained in the third paragraph of the declaration which we are now considering would further indicate such meaning was intended; which would be entirely consistent with the use of the word " permit," as defined by lexicographers, *i. e.*, " not to prohibit or prevent."

Again, the well known rule that the allegations of the

pleader are to be taken most strongly against himself, would
seem to justify the construction that the *"permission"*
charged in the declaration consisted in the negligent failure
of the city to interfere with and stop the firing complained
of.    Such construction would seem justified by the authorities.
In Robinson v. Greenville, 42 Ohio St. 625, it was held that
notwithstanding the common rule that pleadings must be con-
strued most strongly against the pleader, has been abrogated in
that State, still in an action against a municipal corporation
to recover damages for injuries sustained from the discharge of
a cannon in a public street, an allegation in the petition that
the authorities of the corporation "had negligently and care-
lessly given permission to such persons to fire the cannon,"
may be construed in view of the whole pleading, as an allega-
tion that the authorities took no steps to prevent such firing.

In Maenner v. Carroll, 46 Md. 215, the court say: "Here the
allegation is not that the defendants cut the excavation and
left it in a condition dangerous to persons passing along the
highway, but that they *'permitted'* others to do so.   How
permitted?   The sufficiency of this allegation turns upon the
word *'permitted.'*

"In what particular sense it was used by the pleader is not
altogether certain.   It may be for aught that appears on the
face of these counts that the defendants permitted the excava-
tion by their mere silence and failure to interfere, or by not
taking active measures to prohibit the making of the excava-
tion over the lot and across the highway.   When there is want
of certainty in the allegation of a pleading, the general rule
is that the sense of the averment is to be taken most strongly
against the pleader (Chit. Pl. 237, 238), and giving to the
defendant the benefit of this rule, the counts under considera-
tion fail to state a sufficient cause of action."

The fifth paragraph of the declaration, which we will now
consider, avers that "the said Henry W. Arms was then and
there lawfully upon the street in the said city of Knoxville,
and was exercising due care and caution, and was not negli-
gent; but that the failure to *'remove'* the said nuisance and
dangerous cannon firing from the public streets was negligence

Arms v. City of Knoxville.

upon the part of the defendant, *and by reason of such negligence* upon defendant's part the said Henry W. Arms lost his life." It would seem evident from this averment that the negligence of the city for which this action is brought was the failure of the city to stop the cannon firing, not a previous permission to fire it. We conclude, therefore, that the negligence alleged in the declaration and herein complained of, whereof the intestate lost his life, was the negligence of the city in not stopping or preventing the firing of the cannon.

If we are correct in this conclusion, it follows that the cause of action as set forth in the declaration amounts to this: that the police or peace officers of the city of Knoxville were remiss in duty and therefore guilty of negligence in not stopping the firing of cannon upon the streets of that city, which such officers knew to be dangerous to life and limb; for it must, we think, be conceded that a municipal corporation can act only through its proper officers. This presents the question whether such negligence on the part of its police or peace officers can furnish a ground of private action against the city; in other words, is the neglect of the peace or police officers of the city of Knoxville to put a stop to the dangerous breach of the peace here complained of, a matter for which the city is liable in damages?

In Oliver v. Worcester, 102 Mass. 489, Justice Gray, speaking for the court, says: "The distinction is well established between the responsibilities of towns and cities for acts done in their public capacity in the discharge of duties imposed upon them by the legislature for the public benefit, and for acts done in what may be called their *private character*, as the management of property and rights held by them for their own immediate profit or advantage as a corporation, although inuring, of course, ultimately to the benefit of the public."

In the one case no private action lies unless it be expressly given; in the other there is an implied or common law liability for the negligence of the officers in the discharge of such duties. Dillon, Mun. Cor., Vol. 1, Secs. 10, 11, 39 and notes; Oliver v. Worcester, 102 Mass. 489; Detroit v. Cony, 9 Mich-

igan, 165; Dillon, Mun. Cor., Vol. 2, Secs. 761, 778, 779, and notes to cases cited.

The same principle is announced in the President and Trustees of Town of Odell v. Schroeder, 58 Ill. 353, where it is held that a municipal corporation is not liable for the illegal and unauthorized acts of its officers in enforcing an ordinance public in its character.

In Wilcox v. The City of Chicago, 107 Ill. 334, it was held that cities are not liable for the negligent acts of the officers or men employed in the fire department of that city whilst in the discharge of their duties; that the members of that department although appointed by and holding office at the pleasure of the corporation are not the agents and servants of the city, for whose conduct it is liable, but they act rather as the officers of the city charged with a *public service*, for whose *negligence* in the discharge of official duty no action lies against the city without being expressly given. Citing Dillon on Municipal Corporations, and numerous other cases determined in New York, Massachusetts, Connecticut, Iowa, Mississippi, Ohio, Pennsylvania and California, in support of the text.

It has been held repeatedly by most eminent authority that police officers are not agents or servants of the corporations appointing them, within the rule making the corporation answerable for their acts. Shearman and Redfield on Negligence, 3d Ed. Sec. 139, and cases cited; Kimball v. Boston, 1 Allen, 417; Butterick v. Lowell, 1 Allen, 172, wherein it is said police officers can in no sense be regarded as agents or servants of the city. Their appointment is devolved upon the cities and towns by the legislature, but this does not render such cities and towns liable for their unlawful or negligent acts; same point, Elliott v. Philadelphia, 7 Phil. 128.

A municipal corporation is not liable for the non-feasance or misfeasance of the officers of its police. Stewart v. New Orleans, La. Ann. 461; Lewis v. New Orleans, 12 La. Ann. 190; Dargon v. Mobile, 31 Ala. (Ms.) 469; Wheeler v. Cincinnati, 19 Ohio St. 19; Hafford v. New Bedford, 82 Mass. 297; Culver v. City of Streator, determined in the Appellate Court, Second District, filed June 28, 1889.

Arms v. City of Knoxville.

For failure to exercise governmental power cities are not liable. City of Lafayette v. Timberlake, 88 Ind. 330, wherein it is said the municipality *had fully discharged its duty in making the streets safe*, and it was only made unsafe by *law breakers* who used it in a manner prohibited by law. The wrong was not in the city but in those who improperly and wrongfully used the street. See, also, Faulkner v. City of Aurora, 85 Ind. 130.

We perceive no difference in principle in exempting municipalities from liabilities for negligence in not preventing dangerous coasting upon the public street, that would *not be alike applicable* to dangerous cannon firing upon the street, and upon this precise question the Supreme Courts of Ohio and Pennsylvania have passed. In Norristown v. Fitzpatrick, 94 Penn. St. 121, the plaintiff was injured by the discharge of a cannon in the public street, fired about 9 o'clock P. M. by a crowd upon the pavement of the street, while a public officer of the city was present, making no effort to prevent the firing, and the city was held not liable, citing many of the leading authorities bearing upon the question here under consideration. See, also, Elliott v. The City, 25 P. F. Smith (N. Y.), 347. In Robinson v. Greenville, 42 Ohio St. 625, which was a case of cannon firing in the public street, the authorities having notice of such firing, took no steps to prevent it and the court held the city not liable.

In Ball v. Town of Woodbine, 6 Iowa, 83, which was an action against the corporation of Woodbine by a person injured by fireworks, fired upon the public streets of said corporation in violation of its ordinances, the officers of the town having knowledge of such firing and neglecting to stop it, the corporation was held not liable. We must hold with the Circuit Court that the declaration shows no cause of action against defendant in error, and the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*