## FRIDA HILLSTROM v. CITY OF ST. PAUL.[1]

November 24, 1916.

Nos. 19,912—(63).

**Municipal corporation — negligence of fire department.**

    1. In providing fire protection, a city is exercising a governmental function and is not liable for the negligent performance of duties devolving upon its fire department.

[1]Reported in 159 N. W. 1076.

---

Note.—The question of liability of municipality for act or negligence of members of fire department, is discussed in a note in 15 L.R.A. 781; 4 L.R.A. (N.S.) 629; 44 L.R.A.(N.S.) 68.

Authorities passing on the different general rules as to liability of municipality for obstructions and defects in streets, see comprehensive note in 20 L.R.A.(N.S.) 516; 49 L.R.A.(N.S.) 844.

Upon the question of excessiveness or inadequacy of verdict for personal injuries resulting in death, see comprehensive note in L.R.A. 1916C, 810.

**Municipal corporation — liable for safety of streets.**

2. It is liable for negligently failing to keep its streets safe for public use, and the fact that the dangerous condition of the street resulted from negligence in caring for an instrumentality used by its fire department does not relieve it from such liability.

**Damages not excessive.**

3. The verdict as reduced is not so excessive as to require this court to interfere therewith.

Action in the district court for Ramsey county by the administratrix of the estate of Fridolph Hillstrom, deceased, to recover $7,500 for the death of her intestate. The answer alleged that at no time in its corporate capacity did defendant erect or maintain any pole at or near the pole mentioned in the opinion, and that the only pole erected or maintained at or near the place was a certain pole used exclusively in connection with the fire alarm telegraph system maintained by the fire department of said city to protect the lives and property of the city and its inhabitants against loss or damage by fire. The case was tried before Brill, J., and a jury which returned a verdict in favor of plaintiff for $5,000. From an order denying a motion for judgment in its favor or for a new trial, if plaintiff consented to a reduction of the verdict to $3,500, defendant appealed. Affirmed.

*O. H. O'Neill* and *John A. Burns,* for appellant.

*Douglas, Kennedy & Kennedy,* for respondent.

TAYLOR, C.

A pole erected in one of the streets of defendant city, and used solely for the purpose of supporting a telegraph wire and an alarm box of the fire alarm system belonging to the city fire department, fell because it had rotted through where it entered the ground. Plaintiff's son, a boy 14 years of age, and several other boys were playing in the street. In falling, the cross-arm upon the pole struck and killed plaintiff's son. Plaintiff brought suit for damages and recovered a verdict. Defendant appealed from an order denying the usual alternative motion for judgment or a new trial.

In providing fire protection, the city is exercising a public or governmental function, and is not liable for damages resulting from negligence in the performance of the duties which devolve upon its fire department.

Grube v. City of St. Paul, 34 Minn. 402, 26 N. W. 228; Miller v. City of Minneapolis, 75 Minn. 131, 77 N. W. 788. But it is well settled that the city is liable for damages resulting from negligently permitting a dangerous condition to exist in its streets. This is a firmly established exception to the rule that a city is not liable in damages for negligence in the performance of its governmental functions. Shartle v. City of Minneapolis, 17 Minn. 284 (308); Bohen v. City of Waseca, 32 Minn. 176, 19 N. W. 730, 50 Am. Rep. 564; Blyhl v. Village of Waterville, 57 Minn. 115, 58 N. W. 817, 47 Am. St. 596; Snider v. City of St. Paul, 51 Minn. 466, 53 N. W. 763, 18 L.R.A. 151; Lane v. Minnesota State Agricultural Society, 62 Minn. 175, 64 N. W. 382, 29 L.R.A. 708; Schigley v. City of Waseca, 106 Minn. 94, 118 N. W. 259, 19 L.R.A.(N.S.) 689, 16 Ann. Cas. 169; Sundell v. Village of Tintah, 117 Minn. 170, 134 N. W. 639, 38 L.R.A.(N.S.) 1127, Ann. Cas. 1913C, 1311; Ackeret v. City of Minneapolis, 129 Minn. 190, 151 N. W. 976, L.R.A. 1915D, 1111.

Defendant insists that the fact that the pole was used exclusively for the purposes of the fire department brings the case within the rule which absolves the city from liability for injuries resulting from negligence on the part of its fire department, notwithstanding the fact that the pole was located in the street and rendered the street unsafe.

The charter of the city provides· that the commissioner of public works "shall be charged with the construction, control and supervision of all sidewalks, streets, lanes, pathways, bridges, alleys, public levees and sewers, and it is hereby made the duty of said commissioner at all times to have and to keep all the sidewalks, streets, lanes, pathways, bridges, alleys and public levees in a cleanly condition, passable and *safe for public use and travel.*" Whether this provision requires the city to exercise greater care than the previously existing law exacted, or is merely declaratory of the previously existing law, it makes clear the fact that the duty is imposed upon the city to keep its streets safe for public use at all times. The precise question now presented does not appear to have been directly passed upon by this court; but it is well settled that the city is liable for a dangerous condition of its streets caused by the acts of third parties, committed either with or without the consent of the city. Cleveland v. City of St. Paul, 18 Minn. 255 (279); Estelle v. Village of Lake Crystal, 27 Minn. 243, 6 N. W. 775; Hoppe v.

City of Winona, 113 Minn. 252, 129 N. W. 577, 33 L.R.A.(N.S.) 449, Ann. Cas. 1912A, 247. While the city is not liable for negligence of the officers of its fire department in performing their official duties, it is liable for negligence in failing to keep its streets safe. And we see little room for making a distinction between a dangerous condition of the street caused by a third party, for whose acts the city is not responsible, and a dangerous condition caused by a department of the city, for whose negligence the city is not liable. It is the duty of the city to exercise reasonable care to keep its streets free from danger, and it possesses the power to do whatever is necessary to accomplish this purpose. If, through negligence, it fails to 'perform this duty, and injury results from a dangerous condition in one of its streets, the city cannot avoid liability by showing that negligence in caring for an instrumentality used in the performance of a governmental duty is what brought about the dangerous condition. Village of Palestine v. Siler, 225 Ill. 630, 80 N. E. 345, 8 L.R.A.(N.S.) 205; Emery v. Philadelphia, 208 Pa. St. 492, 57 Atl. 977; Twist v. City of Rochester, 37 App. Div. 307, 55 N. Y. Supp. 850, affirmed 165 N. Y. 619, 59 N. E. 1131; Walters v. City of Carthage, 36 S. D. 11, 153 N. W. 881; City of Circleville v. Sohn, 59 Oh. St. 285, 52 N. E. 788, 69 Am. St. 777. See also Blyhl v. Village of Waterville, 57 Minn. 115, 58 N. W. 817, 47 Am. St. 596; Kleopfert v. City of Minneapolis, 90 Minn. 158, 95 N. W. 908. If the city permits the dangerous condition to continue after it knew, or ought to have known, of its existence, and after it has had a reasonable opportunity to protect the public from the danger, the city cannot excuse its failure to perform its duty of keeping its streets safe, and relieve itself from liability for such omission, by showing that the dangerous condition of the street resulted from acts done in the performance of another governmental duty, notwithstanding the fact that it is not liable for negligence in the performance of such other governmental duty.

Defendant also contends that the verdict is excessive. The case has been tried twice. At the first trial, the jury returned a verdict for $7,500, and the trial court granted a new trial on the ground that it was excessive. At the second trial, the jury returned a verdict for $5,000. The trial court granted a new trial, unless plaintiff stipulated to reduce the verdict to the sum of $3,500, but denied a new trial in case such stipulation were filed. Plaintiff filed the stipulation and re-

duced the verdict to the sum of $3,500. Under the circumstances we think this court would not be justified in interfering with the verdict as reduced.

Order affirmed.