SAMANTHA BRADLEY, Administratrix, Appellant, v. CITY OF
OSKALOOSA, Appellee.

**MUNICIPAL CORPORATIONS:** Torts—Negligent Performance of Governmental Power. A city is not liable for the negligent manner in which a city fireman performs his duties; nor is the city liable for failure to provide regulations for the government of traffic on its streets.

*Appeal from Mahaska District Court.*—CHARLES A. DEWEY, Judge.

JUNE 23, 1922.

ACTION by the administratrix of the estate of Russell W. Hartman, deceased, to recover damages for his death caused by a city fire engine on a street of the defendant city. The trial court sustained the defendant's motion for a directed verdict at the close of all the testimony and entered judgment for costs against the plaintiff. Plaintiff appeals.—*Affirmed.*

*Daniel W. Davis* and *Liston McMillen,* for appellant.

*George C. True,* for appellee.

DE GRAFF, J.—Plaintiff's decedent was killed when struck and run over by a fire engine belonging to the defendant city. The negligence of the defendant is predicated on the following allegations: (1) That the fire engine in returning from a fire to its garage was driven at an unlawful rate of speed at the

time and place of the accident. (2) That the defendant city permitted automobiles to be parked on the street near the place of the accident which prevented the decedent seeing the fire engine at the time of its approach. (3) That the defendant city failed to provide police supervision whereby traffic could be directed and controlled at the time and place of the accident.

This appeal primarily involves but one question. Are the duties intrusted and exercised by the agents and servants of defendant city in the operation of its fire department governmental or ministerial in character? If they are exercised for the general good of the public they are classed as governmental, and for injuries resulting therefrom through the negligent acts of its agents, servants or officers the doctrine of nonliability attaches.

The line of demarcation between municipal acts strictly governmental and those which are ministerial or proprietary is not definitely fixed, nor are these terms defined with exactness in adjudicated cases or texts. It is universally recognized that the exercise of the legislative will is governmental, and this includes the power to determine whether certain things shall be done in the interest of public welfare. The exercise and expression of discretion as to the character and extent of the thing to be done is in the same category.

Briefly stated a municipal corporation in the discharge of its administrative duties is viewed in law as having two separate capacities. One is private or corporate, and acts done in the performance of a corporate function are termed ministerial or proprietary; the other is governmental or sovereign in the exercise of which injuries may be inflicted on the person or property of a citizen without power in the courts to afford redress. With the wisdom of this legal classification a court is not necessarily concerned, except so far as to determine whether any given act upon which damages are predicated is within one class or the other. It is primarily a question of public policy. If the rule of nonliability is to be changed the appeal should be addressed to the legislative and not to the judicial department of state government. Neither the classification nor the principles declared thereunder are new, for they have been established and

recognized not only under the common law but by nearly every state in the American Union. It is striking strange that there is such remarkable unanimity on the subject. The decisions are so uniform that it is enough to state the principle without citation of authority.

A municipality is under no obligation to provide for a fire department in order to protect the property of its residents. Whether a city shall have its own fire department, or what shall be its character and extent, is governmental and it is the recognized rule in this state that the employees in the conduct and operation of the fire department of a city are not the agents and servants of the city, but that they act as officers charged with a public service for whose negligence no action will lie against the city. *Saunders v. City of Fort Madison,* 111 Iowa 102 with cases cited. See also *Hillstrom v. City of St. Paul,* 134 Minn. 451 (159 N. W. 1076).

The law of "motor vehicles" as defined by the statutes of Iowa expressly excepts fire wagons and fire engines. Section 1571-m1 Code Supplement 1913. Therefore it may not be said that the legislative intent is to abrogate the common law rule judicially expressed by this court in cases of this character. Under the Nebraska statute a municipality is exempt from liability for damages proximately caused by its fire department agencies through negligence only "when answering emergency calls." Section 3049, Revised Statutes 1913. *Opocensky v. City of South Omaha,* 101 Neb. 336 (163 N. W. 325). Nor is the case of *Fowler v. City of Cleveland,* 100 Ohio 158 (126 N. E. 72) in harmony with judicial thought expressed by the numerical weight of authority, and we do not agree with the majority opinion either in the soundness of the judgment pronounced or the grounds for the judgment.

It is earnestly urged and contended by appellant that the rule in this class of cases should be changed and a principle announced in keeping with our modern social and political life. Law is the reflex of moral and political theories, of public policy, of the attempt to reflect the genius and spirit of the life and institutions in a given society. In substance, the growth of our law is legislative and in the last analysis every important

principle is more or less definitely understood views of public policy. In the passing of years the necessity or basis for a rule of civil conduct may disappear but the rule itself remains. The occasion for the rule may be forgotten, but a new reason is formulated consistent with the life and public policy of a later period and the rule lives on. The crowning glory of the common law is its elasticity and its adaptability to new conditions and new state of facts. *Mentzer v. Western Union Tel. Co.* 93 Iowa 752. The principle of nonliability in the exercise of governmental duties and functions is not a recognition of the divine right of kings, nor is the rule of liability a recognition of the doctrine of communism. Sovereignty and its incidental powers still has a deep significance in our system of jurisprudence, and if the rule of nonliability is to be hurled into the ragbag of the past it must be done through legislative enactment. The philosophical reaction as indicated in the Ohio decision is not sufficiently weighty in our opinion to supplant legal principles that are the result of the ages and of human experience.

The defendant city is merely an arm of the sovereign state, and in the exercise of its governmental functions its agents and servants through negligence, either of omission or commission, do not cast upon the municipality a civil liability unless the same is imposed by statute.

We now pass for a moment to the other specifications of negligence in plaintiff's petition. It does not appear from the record that the defendant city by ordinance attempted to regulate the parking of cars upon its streets. A city is not liable for a lack of proper ordinances or administrative provisions. The parking of cars upon the streets of the city does not constitute a nuisance *per se.* Streets may be lawfully used for other purposes than for locomotion of pedestrians and vehicles. The record does not present anything unusual in the parking of automobiles on the streets of the defendant city at the time and place of the accident in question. The evidence does not disclose that there was anything to obstruct the view of the approaching fire engine to a person attempting to cross the street in question at the time decedent was struck.

Furthermore the matter of police supervision of traffic on

public streets is a governmental function and for a failure to provide for traffic supervision a city is not liable. The policy of government is against municipal liability.

There is but one proximate cause of the death of plaintiff's decedent and the damages predicated thereon, and that is the negligent driving by the fireman in charge of the fire engine. This question has been answered on the theory of nonliability under a rule heretofore announced by this court. That rule is controlling. Wherefore the judgment entered by the trial court is—*Affirmed*.

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.