## HALL v. CITY OF JACKSON.

Circuit Court of Appeals, Fifth Circuit.
March 4, 1929.

No. 5316.

Wm. H. Watkins, of Jackson, Miss., and R. L. McLaurin, of Vicksburg, Miss. (R. L. McLaurin, of Vicksburg, Miss., W. H. Watkins, of Jackson, Miss., and A. A. Chaney and J. H. Culkin, both of Vicksburg, Miss., on the brief), for appellant.

W. E. Morse and H. M. Bryan, both of Jackson, Miss. (Morse & Bryan, of Jackson, Miss., on the brief), for appellee.

Before WALKER and FOSTER, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This was an action by the appellant against the appellee, the city of Jackson, a Mississippi municipal corporation, to recover damages for personal injuries sustained as a result of a fire truck, while being operated on a street of the city, in going towards a fire, running into an automobile occupied by the appellant while it was located next to the curb on the side of the street. One of the counts of the amended declaration, after alleging that the appellee was clothed with the power, and charged with the duty, of keeping and maintaining in serviceable condition for public use and travel all of its public streets and highways, alleged: "That the defendant, however, willfully, negligently and wrongfully failed, neglected and refused to perform its duty in the premises, in that it, at the time of, and for a long time prior to the time of, the injuries herein complained of, drove, used and operated over and along its streets and highways, in the operation of its fire department, a motor truck that was old, worn, broken, defective, out of repair, and in such dangerous and dilapidated condition that it could not be guided and directed by the driver or operator thereof as it was driven and operated along and over said streets and highways; that the defendant, through its constituted officials and agents, caused and permitted said truck, in the condition aforesaid, to be driven by its servants along and over its streets, well knowing that it thereby endangered the lives and property of persons lawfully occupying and using said streets, thereby willfully rendering said streets and highways dangerous and unsafe for public use, the use for which said streets and highways were intended."

Evidence offered by appellant was to the following effect: On November 25, 1926, after the fire truck turned a corner going in the direction of a fire, the driver could not get it straightened out in the direction of the fire, and it turned towards the curb and ran into the automobile occupied by the appellant next to the curb. The truck had been in use in the city's fire department since 1915. Prior to appellant's injury, the truck looked old and dilapidated, and "made an awful racket when it ran." When it was examined more than a year after the injury, its steering gear was worn out, so that it was dangerous to operate it. Upon the conclusion of the evidence the court granted a motion of the appellee for a directed verdict in its favor.

A Mississippi municipal corporation is not liable for negligence of employés of its fire department in the maintenance or operation of the equipment thereof, for the reason that in maintaining and operating a fire department the municipality is performing a governmental function. City of Hattiesburg v. Geigor, 118 Miss. 676, 79 So. 846. The evidence adduced did not tend to prove more than such negligence. It did not support the above set out allegations. There was no evidence tending to prove that prior to the occasion in question it was disclosed that the fire truck was in such condition that the operation of it on the streets of the city involved danger to persons or

936

property lawfully using the streets. So far as appears, the steering gear of the truck had not previously failed to function properly. The fact that, due to negligence of one or more employés of the fire department, it so failed on the occasion in question, with the result of causing injury to a person lawfully using a street, is not enough to make the city liable in damages for such injury. The above-mentioned ruling was not erroneous.

The judgment is affirmed.