WADIA ABIHIDER *vs.* CITY OF SPRINGFIELD.

Hampden.   October 5, 1931. — October 5, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Municipal Corporations,* Liability in tort, Defect in way, Fire department.
  *Way,* Public, Private, Dedication.

A fire station owned by a city was located near the corner of two public
  ways, but outside their respective side lines.   There was a sidewalk
  on each way in front of the station.   The construction of the space
  between the side lines and the station was the same as that of the side-
  walks and there was no sign nor mark on the face of the earth to indicate
  where the street line ended and the property line of the lot belonging
  to the city on which the station was located began.   In an action of tort
  against the city by a traveller for personal injuries resulting from a
  defect in the approach to the station outside the side lines of the ways,
  it was *held,* that
      (1) The plaintiff could not recover under G. L. c. 84, § 15, since the
  plaintiff's injury did not arise from a defect in a public way;
      (2) The approach to the station outside the side lines of the ways
  could not be said to be a way open and dedicated to public use so that,
  because of its defective condition, the public should be excluded from
  it or warned of its danger;   and the plaintiff could not recover under
  G. L. c. 84, §§ 23, 24;
      (3) The defendant was not liable for negligence in the performance
  of its duties in the maintenance of its fire department;
      (4) The plaintiff could not recover.

TORT under G. L. c. 84, § 15, for personal injuries
alleged to have been received by the plaintiff while a
traveller upon a public way.   Writ dated July 2, 1928.

The action was tried in the Superior Court before *Brown,*
J.   Material evidence is stated in the opinion.   The judge
ordered a verdict for the defendant.   The plaintiff there-
upon filed a motion to amend the declaration by adding a
count containing the following allegations:

"And the plaintiff says that . . . she was passing as a
traveller on foot along a private way covered with cement
and used by the public;   that said private way entered
. . . [two] public highways, . . . and united the side
walk [s] . . . [thereof];   that said private way was owned

by the defendant . . . . that said private way entering and uniting said . . . [streets] was in front of the fire station located at the corner of said streets; that said private way was . . . defective . . . that the defendant was bound by law to keep said private way reasonably safe and convenient for travellers to pass therein, or to close the way where it entered upon and united with said . . . streets, or by other sufficient means such as posting signs or placing barriers caution the public about entering therein; that said defendant was negligent in its duty and did not keep said way safe and convenient for travellers, and failed and neglected to close said way or to post signs or place barriers to caution the public. . . ."

The judge denied the motion and reported the action for determination by this count upon a stipulation that "if the verdict was improperly ordered, judgment shall enter for the plaintiff for the sum of $1,800; if said verdict was properly ordered, judgment shall enter for the defendant; and if the plaintiff can not recover on the original declaration, but is entitled to recover on the amended declaration, so that the motion to amend the declaration was improperly refused, a new trial shall be granted; if said motion to amend the declaration was properly refused, judgment shall enter for the defendant."

The case was submitted on briefs.

*J. L. Gray*, for the plaintiff.

*G. F. Leary*, City Solicitor, & *D. E. Lavigne*, Assistant City Solicitor, for the defendant.

Rugg, C.J. This is an action of tort to recover compensation for personal injuries alleged to have been received by the plaintiff while a traveller upon a public way. The accident occurred near the corner of two streets where a fire station was located, owned by the defendant. The fire station was set back about twenty feet from the line of one of these streets and about five feet from the line of the other street. There were sidewalks on both streets and the sidewalk construction extended from the street lines to the fire station so that the appearance was of a uniform construction of the sidewalks and of the space

lying outside the street lines and between them and the fire station. There was no sign or mark on the face of the earth to indicate where the street line ended and the property line of the lot belonging to the defendant on which its fire station was located began. The plaintiff, having walked along the sidewalk of one of these streets, when she approached the corner of the streets started to cross the paved part of the approach to the fire station in order to reach the sidewalk of the other street. She was injured by an alleged defect while thus crossing that paved part. There can be no dispute on the record that these are the facts.

The plaintiff cannot recover. The accident occurred not on a public way but outside the street lines. Plainly G. L. c. 84, § 15, is not applicable. It is settled by *Sullivan* v. *Boston*, 126 Mass. 540, that there can be no recovery on the theory that the approach to the fire station was dedicated to public use and that the open space by the fire station cannot in any just sense be termed a way open and dedicated to public use so that the public should be excluded from it or warned of its danger. Sections 23 and 24 of G. L. c. 84, do not aid the plaintiff. *Stone* v. *Attleborough*, 140 Mass. 328. *Perry* v. *Commonwealth*, 188 Mass. 457. *Jones* v. *Boston*, 201 Mass. 267. *Dakin* v. *Somerville*, 262 Mass. 514. Municipalities maintain fire departments solely for the public welfare and are not liable for negligence in the performance of that duty. *Bolster* v. *Lawrence*, 225 Mass. 387, 389. *Gregoire* v. *Lowell*, 253 Mass. 119, 121.

The motion to amend the declaration was denied rightly. The facts do not warrant a finding for the plaintiff on the allegations there set forth. *Bartol* v. *Boston*, 259 Mass. 323, 325.

In accordance with the terms of the report the entry may be

*Judgment for defendant.*