DELAWARE LIQUOR STORE, INC., a corporation of the State of Delaware, v. THE MAYOR AND COUNCIL OF WILMINGTON, a municipal corporation of the State of Delaware, GEORGE P. CHRISTY and GLADYS L. HALEY.

(*August* 17, 1950.)

TERRY, J., sitting.

*Albert L. Simon* and *James J. Walsh* for plaintiff.

*Herbert Warburton*, Assistant City Solicitor, for defendant.

Superior Court for New Castle County, No. 550, Civil Action, 1949.

The complaint is as follows:

"1. On January 27, 1949, the plaintiff was the owner of a building situated on the northeast corner of Twenty-third and Market Streets, Wilmington, Delaware. On that day, at about 8:45 P. M., the defendant Gladys L. Haley was operating an automobile in an easterly direction on Twenty-third Street approaching its intersection with Market Street, Wilmington, Delaware. At said intersection there is a traffic signal control light, having been installed by the Street and Sewer Department of the City of Wilmington, which was in operation at the time and place aforesaid. According to information and belief, the defendant Gladys L. Haley had a green light in her favor, and she thereupon proceeded to drive into the intersection. At the same time and place, a fire engine, owned by the defendant The Mayor and Council of the City of Wilmington and operated by its agent or servant, George P. Christy, was proceeding in a southerly direction on Market Street approaching its intersection with Twenty-third Street, aforesaid, *on its return from a fire,* there then and there being no emergency. Said traffic control signal at the intersection showed red for traffic proceeding south on Market Street, afore-

said. Nothwitstanding said red traffic signal light, the defendant George P. Christy drove said fire engine, owned and operated as aforesaid, into the intersection and collided with the automobile operated by the defendant Gladys L. Haley, the latter vehicle thereafter jumping the curb and running into the building of the plaintiff, causing damage thereto in the sum of $349.01.

"2. The defendants The Mayor and Council of the City of Wilmington and George P. Christy were negligent as follows:

"a. They failed to bring the fire engine to a full and complete stop in obedience of the traffic control signal light which was 'red' against said fire engine, in violation of Section 203 (a) (3) of the Motor Vehicle Laws and Traffic Regulations of the City of Wilmington.

"3. The defendant Gladys L. Haley was negligent as follows:

"a. She failed to keep her vehicle under proper control.

"b. She failed to keep a proper lookout for the fire engine owned and operated as aforesaid by the other defendants respectively.

"c. She failed to yield the right of way to said fire engine, in violation of Section 606 of the Motor Vehicle Laws and Traffic Regulations of the City of Wilmington.

"Wherefore, plaintiff demands judgment against the defendants in the sum of $349.01 plus costs."

The Mayor and Council of Wilmington, one of the defendants, has filed a motion suggesting the complaint be dismissed, for the reason that the plaintiff has failed to state a claim against it upon which relief can be granted. Rule 12 (b), Superior Court.

The defendant's position is predicated entirely upon the

theory that at the time the collision occurred it was engaged in a governmental function, and, as such, is not amenable to suit for injuries or damages resulting therefrom.

The plaintiff contends—

1. "The general rule of tort immunity for a municipal corporation while engaged in governmental functions is obsolete, and should not be applied today."

2. "Returning from a fire should not be classified as performing a governmental function."

3. "Liability should be imposed upon the City on the theory of a nuisance created by actions of the City."

TERRY, J.

A municipal corporation has a dual character, and, as such, performs a dual function. In its first aspect it is governmental, public or legislative. In its second it is corporate, private, ministerial or proprietary. 1 *Dillon, Municipal Corporations*, 5th *Ed., Page* 181; *McQuillen, Municipal Corporations*, 2d *Ed., Page* 758; *City of Seattle* v. *Stirrat*, 55 *Wash.* 560, 104 *P.* 834, 24 *L. R. A. (N. S.)* 1275; 63 *C. J. S., Municipal Corporations*, § 757 (*b*); 38 *Am. Jur., Municipal Corporations, Sec.* 572.

The Courts of this country have with practical unanimity declared that a municipal corporation engaged in the performance of a governmental or public function, in the absence of statute, is not liable for injuries or damages occasioned by the negligent or wrongful acts of its officers, agents or employees. *Mardis* v. *City of Des Moines, Iawo,* 34 *N. W.* 2d 620; *Richardson* v. *Hannibal,* 330 *Mo.* 398, 50 *S. W.* 2d 648, 84 *A. L. R.* 508; *Bradley* v. *City of Oskaloosa,* 193 *Iowa* 1072, 188 *N. W.* 896; *Hafford* v. *New Bedford,* 16 *Gray* 297, 82 *Mass.* 297; *Dargan* v. *Mayor etc. of Mobile,* 31 *Ala.* 469, 70 *Am. Dec.* 505; *Hagerman*

v. *City of Seattle,* 189 *Wash.* 694, 66 *P.* 2d 1152, 110 *A. L. R.* 1110; 38 *Am. Jur., Municipal Corporations, Sec.* 572; 63 *C. J. S., Municipal Corporations,* § 757 (b).

Several reasons have been advanced for the immunity granted to municipal corporations when acting in a governmental capacity: (1) "The State is sovereign and the municipality is its governmental agency; since the State may not be sued without its consent its agent cannot be." (2) "The municipality derives no pecuniary benefit from the exercise of a public function." (3) "Members of municipal departments in the exercise of governmental functions are agents of the State and not of the City and hence the doctrine respondeat superior has no application." (4) "It is necessary for the proper performance of governmental functions that a municipal corporation should not be liable for the negligence of its agents or employees." (5) "Taxes raised for specific governmental purposes should not be permitted to be diverted to the payment of damage claims."

Writers of monographs and comments have criticized the logic underlying the above reasons. 34 Yale Law Journal, Pages 1-45, 129, 143, 229-258; 36 Yale Law Journal, Pages 1-41, 759, 1039-1100; 20 Columbia Law Review, Pages 34, 772; Harvard Law Review, Page 66.

The underlying test in distinguishing governmental functions from corporate functions, and, consequently, in determining the liability or nonliability of a municipality for the torts of its officers, agents or employees, is whether the act performed is for the special benefit of the corporate entity or for the common good of all; that is, for the public. Thus, if the damaging action or the negligence of the officers, agents or employees arises in the execution of a duty which is for the exclusive benefit of the municipality, the municipality is liable, but, if the duty in whole or in part is one imposed upon the munici-

pality as a public instrumentality of the State, the municipality is not liable. 63 *C. J. S., Municipal Corporations,* § 757 (2) ; *Hagerman* v. *City of Seattle,* 189 *Wash.* 694, 66 *P.* 2d 1152, 110 *A. L. R.* 1110; 38 *Am. Jur., Municipal Corporations, Sec.* 572.

Having stated the general rule pertaining to liability or non-liability of a municipal corporation in cases involving corporate or private duties as distinguished from governmental or public duties, I now reach the somewhat difficult problem that arises in many cases ; that is, whether the act complained of as being negligent or wrongful was performed by the municipality in the exercise of its corporate or private power, or in the exercise of its governmental or public power.

██ Municipal enterprises relating to the preservation of peace, the care of the poor, the public health, and the prevention of the destruction of property by fire are among those enterprises generally classified in the category of governmental functions. A municipality is under no obligation to provide for a Fire Department in order to protect the property of its residents. Whether a municipality shall establish, maintain and operate its own Fire Department, or what shall be its character and extent, is solely governmental and its agents or employees in the conduct thereof are not agents or employees of the municipality ; rather, they act as officers charged with a public service for whose negligence or wrongful acts no action will lie, in the absence of statute, against the municipality. *Saunders* v. *Fort Madison,* 111 *Iowa* 102, 82 *N. W.* 428; *Hillstrom* v. *City of St. Paul,* 134 *Minn.* 451, 159 *N. W.* 1076, *L. R. A.* (*N. S.*) 1917 *B* 548; *Bradley* v. *City of Oskaloosa, supra; Burnett* v. *Rudd,* 165 *Tenn.* 238, 54 *S. W.* 2d 718; *Tainter* v. *Worcester,* 123 *Mass.* 311, 25 *Am. Rep.* 90; *City of Lansing* v. *Toolan,* 37 *Mich.* 152; *Frederick* v. *Columbus,* 58 *Ohio St.* 538, 51 *N. E.* 35; *Powell* v. *Fenton,* 240 *Mich.* 94, 214 *N. W.* 968; *Johnston* v. *Grants Pass,* 120 *Or.* 364, 251 *P.* 713, 252 *P.*

1118; *McKenna* v. *City of St. Louis,* 6 *Mo. App.* 320, 9 *A. L. R.* 143; *Hawkins Bros. Furniture Co.* v. *City of Springfield,* 194 *Mo. App.* 151, 186 *S. W.* 576; *Vezina* v. *City of Hartford,* 106 *Conn.* 378, 138 *A.* 145; *Adkinson* v. *City of Port Arthur, Tex. Civ. App.,* 293 *S. W.* 191; *Barcus* v. *City of Coffeyville,* 129 *Kan.* 238, 282 *P.* 698; *Hall* v. *City of Jackson,* (5 *Cir.*) 30 *F. 2d* 935; *Abihider* v. *City of Springfield,* 277 *Mass.* 125, 177 *N. E.* 818; 38 *Am. Jur., Municipal Corporations, Sec.* 572; *Hagerman* v. *City of Seattle,* 189 *Wash.* 694, 66 *P.* 2d 1152, 110 *A. L. R.* 1110; *Aldrich* v. *City of Youngstown,* 106 *Ohio St.* 342, 140 *N. E.* 164, 27 *A. L. R.* 1497.

Courts in at least thirty States, in the absence of statute, have invoked the rule of nonliability in tort actions brought against the municipality growing out of fire engine collisions resulting in personal injuries or property damage to others. One of the leading cases in support of the minority rule is *Fowler* v. *City of Cleveland,* 100 *Ohio St.* 158, 126 *N. E.* 72, 9 *A. L. R.* 131, later expressly overruled by the same Court in *Aldrich* v. *City of Youngstown,* 106 *Ohio St.* 342, 140 *N. E.* 164, 27 *A. L. R.* 1497.

 It is argued that there exists no necessity for haste when a fire engine is returning from a fire; thus, the rule of nonliability predicated upon the exercise of a governmental function should not be applied in the present case. This argument is without merit. The use of fire trucks and other vehicles owned by a municipality in going to and returning from a fire or a fire alarm, or at the scene of a fire, is a governmental function, and a municipality, in the absence of statute to the contrary, is not liable for injuries or damages caused by their negligent operation. 38 *Am. Jur., Municipal Corporations, Sec.* 624; *City of Louisville* v. *Carter,* 142 *Ky.* 443, 134 *S. W.* 468, 32 *L. R. A.* (*N. S.*) 637; *Bradley* v. *City of Oskaloosa, supra; Puget Sound Electric Ry.* v. *Benson,* (9 *Cir.*) 253 *F.* 710.

In certain cases the Courts of Florida have held that a municipality is liable for the negligence of its firmen— the reason being that the reckless driving of fire trucks constitutes a nuisance and renders the streets unsafe to the travelling public. *Maxwell* v. *City of Miami,* 87 *Fla.* 107, 100 *So.* 147, 33 *A. L. R.* 687; *City of Tallahassee* v. *Kaufman,* 87 *Fla.* 119, 100 *So.* 150.

It is suggested in the present case that we follow the reasoning advanced in the Florida cases; and, likewise, say that negligent operation of municipal fire trucks upon city streets constitutes a nuisance and renders the streets unsafe, and, when permitted by the city, liability may arise therefrom if persons and property lawfully on the street are injured or damaged in consequence thereof. This we cannot do for two reasons: (1) In the present case the plaintiff has not alleged sufficient facts from which a nuisance may be inferred. A nuisance is the existence of a condition, and, as such, must be distinguished from a mere act of negligence resulting in injury. The Florida cases are not authority for the plaintiff's position;[1] (2) To so conclude would in effect be overruling the well-established doctrine that the State and the several subdivisions thereof are not responsible for damages resulting from the negligence of the officers thereof while in performance of duties which are purely governmental. The fact that the doctrine of "respondeat superior" does not apply to the State or the several political subdivisions thereof when exercising a governmental function is so well established in our system of government that we do not find any cases where the Courts have held to the contrary. The only cases where this doctrine does not apply are cases where a State through legislative enactment has made

1. The governing authority of the City of Wilmington has expressly classified its vehicles of the Fire Bureau as emergency vehicles, § 101, City Ordinances, and expressly exempted their operation from the provisions of all rules and regulations regulating the moving, parking, and standing of vehicles upon the city streets when being operated in an emergency in the necessary performance of public duties. § 704, City Ordinances. See *Puget Sound Electric Ry.* v. *Benson,* (9 *Cir.*) 253 *F.* 710.

the change. The question is one of public policy. The Legislature of this State so far has not altered the uniform rule in this respect.

Sovereignty and its incidental powers still have a deep significance in our system of jurisprudence. If the doctrine of nonliability pertaining to a municipal corporation while engaged in a governmental function is to be discarded, the Legislature has the authority to prescribe the remedy.

The defendant's motion is granted and an order will be entered accordingly.