*Municipal Court of the
City of Boston*
No. 296192

## HOUSEHOLD FINANCE CORP. OF BOSTON

v.

## EVELYN PORTER AND NATIONAL SHAWMUT BANK OF BOSTON, Trustee

Argued: Feb. 23, 1973 - Decided: May 4, 1973

*Present:* Canavan, J. (Presiding), Elam, Doerfer, JJ.

Case tried to *Gorrassi, Sp. J.*

**Elam, J.** This is an action of contract to recover the sum of $326.72 upon a judgment rendered for the plaintiff against the defendant, Evelyn Porter, in the District Court of Southern Norfolk. In the present action the

defendant filed an answer in abatement alleging that this court lacks jurisdiction in the matter since the plaintiff failed to make proper service of process upon the defendant. The defendant further answered general denial, plea of payment and accord and satisfaction, without waiving her answer in abatement but insisting on same.

The defendant marked her answer in abatement for hearing on October 21, 1971. Subsequently the plaintiff filed a motion to amend its writ and for an order of notice for new service on the defendant and by agreement both matters, the answer in abatement and the motion to amend, were heard together on October 22, 1971. After hearing the court denied the answer in abatement and allowed the plaintiff's motion to amend its writ and for an order of notice for new service on the defendant. Being aggrieved by this decision the defendant reported this matter to the Appellate Division.

The appellant advances three arguments in support of her position that the court erred in denying the answer in abatement and allowing the plaintiff's motion to amend his writ.

First, she contends that the plaintiff, by including his proposed amendment in his motion for leave to amend the motion, does not conform with Rule 12 of the Boston Municipal Court's Rules in Civil Actions; that the plaintiff should have filed an amendment separate and apart from its motion for leave to amend.

It is clear from reading the pertinent section

of the rule, that it provides for alternative methods of amending a pleading. This section of the rule reads as follows:

"A motion for leave to amend shall contain or be accompanied by the proposed amendment."

In this action the plaintiff's proposed amendment was contained within the motion for leave to amend and so is in proper form.

 Secondly, defendant contends that the court must act on her answer in abatement before considering any motion which seeks to remedy defects raised in this pleading. The defendant does not deny the fact that there was an agreement to have the motion to amend heard at the same time as the answer in abatement. Since both parties were before the court and the issue of improper service raised by the answer in abatement could be cured by the allowance of the motion to amend, the court was within its power to act as it did. G.L., c. 231, § 51. G.L., c. 231, § 53. *Modist* v. *Lynch,* 277 Mass. 125.

 Finally, the appellant argues that the court had no jurisdiction to issue an order of notice, or to grant any motion to amend the writ, because service was not made on her at the time these matters were heard. But the only effect of the court's action was to give the defendant the type of notice she claims she is entitled to. The report shows that the Order of Notice issued as a result of the plaintiff's motion was eventually served on the defendant and returned to court. There subsequently was a trial on the merits resulting

in a finding adverse to the defendant — but only after due prior notice had been given.

We find no error and the report is hereby dismissed.

**Report dismissed.**

PHILIP BARSCH
 for the Plaintiff
STEPHEN P. WEITZ
 for the Defendant

*Western District*