## J. P. BROWN v. L. ADAMS.

1. Plaintiff sued out a distress warrant for rent alleged by him to be due and in arrear. The defendant denied that the rent was due, and thereupon moved that the cause be dismissed. *Held*, that an issue of fact was thus presented, material to the further progress of the case, and which the court below could not ascertain or try without a jury; and it was error to dismiss the suit on the mere denial of the defendant that the rent was due.

2. Rent payable in kind, or by portion of the crops, should be delivered as the crops are gathered; and if the tenant refuses so to deliver such rent, and retains it beyond a reasonable time, the landlord may sue and distrain for its money value.

APPEAL from Fayette.    Tried below before the Hon. J. P. Richardson.

On the tenth of December, 1870, the appellant filed his affidavit before a justice of the peace, alleging that the defendant owed him one hundred and ninety-eight dollars for the rent of certain premises, and that the same was due and unpaid ; wherefore he prayed for a distress warrant. He filed with his affidavit a stated account, setting forth the rent as one-fourth of the cotton raised on the place, and amounting to eleven hundred and twenty-five pounds of lint cotton, worth one hundred and thirty-one dollars and twenty-four cents ; and also one-third of the corn, amounting to one hundred and ten bushels, worth ninety-one dollars and sixty-six cents, less twenty-four dollars and sixteen cents for twenty-nine bushels already delivered by the defendant—showing a balance of one hundred and ninety-eight dollars and seventy-four cents due plaintiff.

The distress warrant was returnable to the district court ; and there the defendant moved to quash the warrant, alleging that the rent was not due until the thirty-first of December, and laying stress on the fact

that the cotton rent was payable in lint and not seed cotton, and insisting that he was entitled to the entire year as the term for its payment.

The court below, on considering this motion, held that the warrant was "prematurely, illegally and unjustly sued out," and dismissed it and all the proceedings at the plaintiff's cost, who gave due notice of appeal.

*Jarmon & Cross*, for the appellant.

*J. R. Burns*, for the appellee.—I. The judgment quashing the distress warrant and dismissing the case was strictly correct. The lower court could not have done otherwise upon the law applicable to the case, as presented by the plaintiffs. The alleged debt, if any, was not due, and the distress warrant prematurely sued out. The petition of the plaintiff, now appellant, shows the renting to the defendant to have been for the year 1870. If for the year, then for the whole year, terminating, of course, on last of December, 1870. The distress warrant was sued out on the tenth of December, 1870, and the petition filed the twenty-fourth of same month. The suit was for rent alleged to be due, when both the petition and the contract made part thereof show affirmatively that the rent was not due, and would not be, until the end of the year. This prematurity of the suit was fatal to it. The present case is exactly covered by that of Weir v. Brooks, 17 Texas, 641.

II. If there were no positive contract upon the subject, the law would presume a lease for a year. (Taylor's Landlord and Tenant, fifth edition, §§ 54, 55, 56.) The nature of the crops to be raised, corn and cotton, would strengthen, if not necessitate, this presumption.

They are annual crops. Cotton generally requires the entire year in preparation of the soil, planting, cultivating, gathering, housing, hauling to the gin, ginning and baling. Especially is this the case where the crop is large or late, or where there occurs what is known as a "second crop."

III. If there is any ambiguity in the terms of the contract, or uncertainty in the allegations of the petition in respect thereof, the rule of construction requires that interpretation to be adopted which is most strongly against the plaintiff; for the plaintiff wrote the contract and retained it in his possession, and attached it to his procedure. The defendant cannot write, as is shown by his mark for signature. It was the duty of the plaintiff, then, to have made the whole matter plain; and if he did not, he has no one to blame but himself.

IV. The rent was payable in property, a portion of the crop, to-wit, one-third of the corn and one-fourth of the cotton raised on the leased premises during the year 1870. The cotton was to be *ginned.* The plaintiff, as landlord, cannot, by his own mere volition, change, as attempted, such character of rent into a cash one, and novate, so to speak, a debt on time into one on demand. The plaintiff, it is respectfully submitted, should not only have waited until the end of the year, but have then, if necessary, sequestrated the part of the crop due him for rent, and not have gone for the value of it. ( *Vide* Case v. Hart, 11 Ohio, 364.)

V. The annual renters in this State contract for cabins for themselves and families; and if a lease for a year can be thus unwarrantably thrust aside and disreregarded by landlords, then is there no protection for either crops or shelter to the poor tillers of the soil.

WALKER, J.—The statute provides, under three different
29—XXXV

ferent states of fact, for the issuing of a distress warrant to secure rent,—

1. When any rent shall become due.

2. If the tenant be about to remove from the rented premises.

3. If the tenant be about to remove his property from the rented premises.

It was upon the first ground that the plaintiff below brought his suit. He avers in his affidavit, and alleges in his petition, that the rent is due and unpaid, and that the defendant neglects and refuses to pay the rent, in kind, as per contract.

The defendant answers, denying that the rent was due, and also moves the court to quash the warrant and dismiss the suit. Here was an issue of fact, very material to the further progress of the suit, which the court could not ascertain or try without a jury. The question as presented was, does the plaintiff by his affidavit and petition set forth a good cause of action? If so, the mere denial by the defendant, by his pleadings, does not authorize the court to dismiss the case; there is an issue made up between the parties, an issue of fact, to-wit: Was the debt due at commencement of suit or not?

But, another question is presented for our consideration. Did the district court err in holding that the rent was not due until the last day of the rental year? The plaintiff insists that the rent was payable in kind, at the beginning of the gathering season. If the plaintiff's averment is correct, and it was very material, it became necessary to ascertain what period of the year is to be regarded as the gathering season; and for this purpose evidence should have been offered, and the fact found by a jury. We do not hesitate to say, that under a contract for rent, payable in kind, the rent

should be delivered as the crops are gathered; and if the tenant refuse so to deliver the crops, retaining them beyond a reasonable time in his own possession, the landlord may bring suit for the value of the crops.

It is not for the tenant to say that a rent in kind is not due until the end of the year, where the rent is to be delivered as the crop is gathered. If the rent were payable in money, and the tenant had the whole year within which to pay it, no suit could be brought for its recovery until the end of the year.

The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.