### F. SCHULTZ v. F. F. SPREEAIN.

(Austin Term, 1880.)

LANDLORD AND TENANT — SALE OF RENTED LAND PENDING THE LEASE.—In sales for partition, and made in partition proceedings, the purchaser takes all the interest of all the co-tenants in the land, the subject of such proceedings, and becomes entitled to the full ownership in the lands and of all future payments of rents thereon, as against all the parties to the partition suit.

APPEAL from Washington county. Opinion by WALKER, J.

STATEMENT.— This cause came up in an agreed statement of the case, under article 1516, Paschal's Digest, from which it appears:

1. That on the 12th day of November, 1873, the appellee applied to and obtained from a justice of the peace of Wash-ington county a distress warrant, regular in form, and caused the same to be levied on three bales of cotton of the value of $175, the property of the appellant, upon a claim

for the rent of thirty acres of land, of which the appellee was the owner, and which were occupied by the appellant for the year 1873; that the distress warrant proceedings were regular and in due form, and that the cotton was replevied by the appellant with C. A. Kieke and R. H. King as sureties.

2. That on the 5th day of January, 1874, the appellant filed his petition in the district court of Washington county, the court then having jurisdiction of the amount claimed, setting up his claim for $150 for the rent of said land, and alleging the issuance and levy of the distress warrant on the cotton of appellant, and the replevy thereof; the cause was regularly continued in the district court until the year 1876. . . .

3. That afterwards the cause was, by an order of the district court, duly transferred to justice's court for trial, where the same was tried, and a judgment was duly rendered for the appellee for $150 and interest thereon from January 1, 1874, with a foreclosure of the landlord's lien on the cotton levied on and costs of suit.

4. That by proper proceedings the case was removed to the county court of Washington county for trial on the merits, and that on the 20th day of September, 1877, the case was tried, and, a jury being waived, judgment was rendered for the appellee against the appellant and his sureties.

5. That the appellant moved for a new trial, which was refused, and gave notice of appeal and duly executed his appeal bond.

6. That this agreed statement of the case, together with the statement of facts, the judgment, appeal bond, assignment of errors, and cost bill, shall constitute the record in the cause, and none of the other proceedings, all of which were regular, need be copied.

The facts agreed upon are as follows: The thirty acres of land, the rent of which is the subject of controversy in this suit, were originally the property of C. A. Kieke and

his wife, Anna Kieke. Anna Kieke died in the year 1862, and in April, 1871, Louis Tesch and others, her children and heirs, brought suit in the district court of Washington county, where the land was situated, against her surviving husband, C. A. Kieke, to recover her community estate and to have partition thereof, including the aforesaid thirty acres. The judgment of the court fixing the rights to the parties to said suit was rendered October 30, 1872, which was amended November 22, 1872, when commissioners in partition were appointed, who, in January, 1873, set apart to C. A. Kieke in severalty the portion of the estate decreed to him, and reported that that portion allotted to the heirs of Anna Kieke, deceased, which included the above thirty acres, was not susceptible of partition, and they recommended a sale to effect a partition between them.

The report of the commissioners was confirmed by the court March 4, 1873, decreeing to C. A. Kieke the portion of the estate allotted to him, and ordering sale by the sheriff of the portion allotted to the plaintiffs, Louis Tesch and others, for the purpose of making a partition among them.

Kieke had the use, enjoyment and rent of the portion allotted to him for and during the year 1873. The sale of the portion allotted to Tesch and others was duly made by the sheriff in obedience to said orders on June 3, 1873, and at such sale the plaintiff became the purchaser of said thirty acres, and received the sheriff's deed therefor June 10, 1873. The defendant was, at the time, in possession of the premises, and was duly notified by the plaintiff of the purchase and of his claim to the rents. By the custom of the country rents of farming lands, which these were, are payable annually at the end of the year or on the gathering of the crop, whether payable in money or in a portion of the crop. The amount claimed and recovered by the plaintiff by the judgment is the reasonable rental value of the premises for the year.

The defendant had rented sixty-five acres of ground, in-

cluding these thirty acres, from C. A. Kieke in September, 1872, for the year 1873, by a verbal contract, agreeing to pay him a part of the crop to be raised thereon, to wit: One-fourth the cotton and one-third the corn and fodder, payable out of the crop when gathered. Kieke was, at the date of said contract, in possession of the premises, claiming them as his own separate property. The suit of Tesch and others against him was, however, pending at the time. In the judgment in that suit Kieke was charged with the rents of the community estate, including these thirty acres, down to the close of the year 1872, but not for any part of the year 1873. The defendant refused to pay the rent of the thirty acres to the plaintiff, and subsequently did pay the rent to Kieke in corn and cotton in accordance with their contract.

The distress proceedings were all regular and correctly stated in the petition, and it is admitted that the judgment of the court below was correct and should be affirmed, unless, upon the foregoing facts, the defendant is protected by this payment of the rent to Kieke.

Judgment was rendered September 20, 1877, for plaintiff for $196, and the further sum of $18.70, being ten per cent. damages on the judgment in the justice's court, and costs, etc.

The defendant appealed, assigning errors: 1. In rendering judgment for plaintiff on the evidence in the case, because the defendant rented the land upon which the rent was claimed three months prior to plaintiff's purchase, under a valid contract with the owner of the land, and to whom the defendant owed and paid the same. 2. In its view of the law of the case, giving judgment for rents in arrears which did not run with the land and in which plaintiff purchased no interest. 3. In its view of the evidence; the evidence does not support the judgment. 4. In not granting a new trial when it was shown that an erroneous view of the law and the evidence had been taken; and 5. In rendering judgment for ten per cent. damages on the amount adjudged by the justice of the peace.

14

OPINION.— The first four assignments of error, in connection with the summary statement of the question in dispute, as agreed upon by the parties, that the judgment was correct and should be affirmed, unless upon the foregoing "facts the defendant is protected by his payment of the rent to Kieke," present for our consideration the effect of judicial proceedings authorizing the sale for partition, the sale and deed for the land to the plaintiff, as affecting the rents of the land for the year 1873.

The principles controlling the case we regard as elementary and without argument. We hold:

1. The partition proceedings affected all contracts for lease made *pendente lite* by the defendant Kieke; lessees under him took subject to the rights of the parties to the suit. Schultz's lease (if valid for over twelve months by parol) was subordinate to the rights of the plaintiff in the partition suit. Lee v. Salinas, 15 Tex., 497, and authorities cited.

2. Rent is a yearly profit on money, etc., issuing out of the lands for the use (3 Kent, 460), and is owing to the owner of the reversion (Id., 463), usually termed the landlord; this rule obtains as well when a part of the leased lands are sold pending the term as when the whole is disposed of. 3 Kent, 469.

3. The sale of a part of the premises severs, as to that sold, the relation of landlord and tenant as between the original lessor and the tenant. An apportionment follows as a result of the sale without further stipulation. As to that sold the tenant owes rents (or fealty) to the new landlord for that part owned by him (this rule is an exception to that urged by appellant that contracts are not generally divisible). 3 Kent, 469, 470; Greenl. Cruise, title 28, ch. 3, sec. 32; Bank of Pennsylvania v. Wise, 3 Watts, 395, and cases cited.

4. Rents not due at the sale go to the owner of the reversion. A parol contract otherwise has been held inadmissible to control this as the legal effect of a sale of the

land. Greenl. Cruise, title 28, ch. 3, sec. 32, and cases cited.

5. In sales for partition, and made in partition proceedings, the purchaser takes all the interest of all the co-tenants in the land, the subject of such proceedings. Plaintiff, by his purchase, became entitled to the full ownership in the lands, and of all future payments of rents thereon, as against all the parties to the partition suit, against Kieke and the plaintiff. Freeman on Co-tenancy and Partition, sec. 548, and cases cited.

6. Whatever may have been Schultz's rights, had he claimed as against plaintiff the right of paying him the rent in kind, he did not assert such right. He has placed his defense upon his payment to Kieke, repudiating his fealty to the landlord. 3 Kent, 469, 470; Brown v. Adams, 35 Tex., 450.

7. Schultz was notified promptly by plaintiff of his claim as landlord, and he remained a tenant on the land, not as a trespasser, owing rent to the owner of the reversion; distress by statute is allowed to the landlord against the tenant for rent. P. D., art. 5028; Mathews v. Burke, 32 Tex., 433. Proceedings for the rent were properly taken against Schultz; Kieke was not a necessary or proper party. He was not liable, either by contract or from actual tenancy.

8. The rents for farm lands being due, as in this case, at the end of the year, or at the gathering of the crop, there were no back rents claimed or adjudged to plaintiff. The rents claimed were not *past due* at plaintiff's purchase.

9. But on the theory of apportionment suggested, the evidence shows that Kieke had the rents up to January 1, 1873; that in that month the land was allowed the heirs of C. A. Kieke, whose rights were conveyed to the plaintiff June 10 of the same year; so that Kieke's interest could not have extended into the year to any appreciable extent, and plaintiff's recovery was proper.

10. The record recites that by proper proceedings the case was removed to the county court of Washington

county for trial on its merits. From this it will not be assumed that it was by *certiorari;* the authority cited is, therefore, in point. The error affects only the irregularity in the judgment to that extent.

For the error imposing ten per cent. damages, the judgment below should be reversed, and the judgment should be entered as below, save as to such damages. Appellee to pay costs of appeal.