Submitted on briefs May 14, reversed and remanded June 11, 1918.

## HOLDEN *v.* GULSTROM.

(173 Pac. 672.)

**Landlord and Tenant—Lease—Dependent Covenants.**

1.   A stipulation in a lease that lessee shall clear the land, and the further stipulation that lessor shall assist in the clearing by furnishing a man and team, are dependent covenants.

**Landlord and Tenant—Lease—Performance of Services.**

2.   Where part of the rental for the first year of a five-year lease was the tenant's agreement to do work in clearing land, such work, no time for performing it being specified in the lease, was due to be performed during the first year, and not within any reasonable time after the tenant assumed possession.

**Pleading—Amendments.**

3.   Courts should be exceedingly liberal in allowing amendments which are obviously in furtherance of justice, especially in regard to defendants, for while plaintiffs, if their pleadings are insufficient, may dismiss and begin again, defendants have no such opportunity.

[As to how far amendments are allowable that vary or alter cause of action, see notes in 34 **Am. Dec.** 158; 51 **Am. St. Rep.** 414.]

From Tillamook: GEORGE R. BAGLEY, Judge.

In Banc.

This was an action for forcible detainer. It was originally brought in Justice's Court and appealed to the Circuit Court, where a trial was had resulting in a verdict and judgment for defendant, from which judgment plaintiffs appeal.

The controversy arose from the alleged breach of a lease which, by its terms, was to extend over a period of five years at a yearly rental therein specified. The lease became effective November 6, 1917, and contained among others the following stipulations:

"The consideration of the said lease shall be the conditions herein named and the following rental to be paid for the respective years, to wit:

"The rental for the first year shall be the sum of one thousand dollars ($1000.00) which is paid on the execution of this lease, and receipt whereof is hereby acknowledged; and in addition thereto as a part of the said rental, the lessee agrees to do certain work in the way of clearing and improving the said premises, as agreed upon between the parties, and which may be designated as follows, to wit:

"Lessee agrees to pick up and pile and burn all the logs and chunks on the west portion of the premises herein first described, and the lessor agrees to furnish a team and a man to assist the lessee in piling the large logs and hauling certain of them away from the premises. * *

"In case the lessee shall violate any of the covenants or agreements of this lease, or shall fail to pay any of the rentals at the time the same become due, then the lessors may in their discretion declare this lease at an end and null and void and may thereupon take possession of the said premises and leased personal property and the whole thereof, and the lessee covenants and agrees in event of failure to perform any of

the conditions or covenants herein mentioned that he will deliver up possession of all the said leased property to the lessors upon their demand.''

The breach of covenant assigned in the complaint was the failure of the defendant before November 10, 1917, to do the clearing specified in the paragraph first above quoted.

Defendant answered admitting his failure to remove the logs and brush as required, but alleged that such failure was occasioned by the neglect and refusal of plaintiffs to furnish a team and man to assist in removing, hauling and piling the logs, as stipulated in the lease. A motion to strike out this defense was overruled. The plaintiffs objected to the testimony offered sustaining the defense, on the theory that the covenant to clear the land and the covenant of the lessors to furnish a man and team to assist, were independent covenants, and that defendant's remedy for a failure by the lessors in the respect mentioned, could not excuse the lessee from his obligation to pay rent and otherwise perform the labor which formed a part of the consideration for the lease.

Plaintiffs also objected to the following instruction, the giving of which was assigned as error:

''The agreement of the parties under this lease, however, does not provide any time in which the defendant lessee, has to pick up, pile and burn the logs and chunks on the west portion of the first tract of land described in the lease, and the law, therefore supplies this hiatus in the agreement and provides that that must be done within a reasonable time after the lessee assumed possession of the premises in which to perform the work, and that is for your determination.''

There was evidence tending to show that defendant was ready and willing to clear the land, as stipulated

in the lease, but that plaintiffs failed and refused to furnish the man and team, as provided for in that instrument. The court in substance instructed the jury that if plaintiffs refused to furnish the man and team, said refusal excused nonperformance by defendant of the covenant to clear the lands. The evidence as to such refusal is contradictory.

REVERSED AND REMANDED.

For appellants there was a brief submitted over the name of *Messrs. Johnson & Handley.*

For respondent there was a brief prepared and submitted by *Mr. H. T. Botts* and *Mr. C. W. Talmage.*

McBRIDE, C. J.—1. The first contention of appellants is, that the court erred in instructing the jury that the failure or refusal of the plaintiffs to furnish a man and team to haul the large logs off the land to be cleared, excused nonperformance by defendant of his covenant to clear. Both upon principle and authority we think the instruction was correct. Assuming, as we must after verdict, that the testimony of defendant was true, the plaintiffs are placed in the position of saying:

"It is true that we agreed to furnish a man and team to assist in clearing the land, and it is also true that we refused your request to furnish them upon demand, but your agreement to clear was an independent covenant and because you have failed to perform your part of the agreement, we have the right to declare your lease perfected and evict you."

This is the plain bald proposition and it is so inequitable as to at once suggest its fallacy. It must be borne in mind that this is not an action to recover rent, as in the cases cited by plaintiffs, but in substance

it is an action to enforce a forfeiture and it has crystal-
lized into a maxim that the law abhors forfeitures,
and it will not enforce one where he who claims it is
also at fault.   We are of the opinion that the stipula-
tion in the lease that defendant shall clear the land,
and the further stipulation that plaintiffs shall assist
in the clearing by furnishing a man and team, are de-
pendent covenants.

We are aware that this proposition is open to con-
troversy.   The line of demarcation between inde-
pendent and dependent covenants is not always clearly
defined.   As said in Cyc., Vol. 24, p. 918:

"Covenants are to be construed as dependent or in-
dependent according to the intention of the parties and
the good sense of the case.   Technical words should
give way to such intention.   Some of the cases, how-
ever, lay down the rule that covenants in a lease will
be considered and held as dependent conditions, to be
performed by the respective parties, unless it fairly
appears from the nature of the covenants they in-
tended them to be independent."

In *Sigmund* v. *Newspaper Co.*, 82 Ill. App. 178, there
was a covenant on the part of the landlord to decorate
and repair the leased building.   In an action for rent
it was held that the covenant to pay rent and the cove-
nant to decorate and repair were mutual and interde-
pendent covenants.   There was a like holding in *Lunn*
v. *Gage,* 37 Ill. 20  (87 Am. Dec. 233).   There is urgent
reason for holding in cases like the present that the
covenant to clear the land and the covenant of the
lessor to furnish a man and team to assist in doing
the work, are dependent covenants.   It is frequently,
indeed more frequent than otherwise, the case that a
farm renter in this part of the country is a man of
small means and not readily able to purchase a team

or to hire extra labor. To one so situated the offer to allow him to pay part of his rent by clearing, with the additional stipulation to furnish him the necessary assistance and the indispensable team without expense to him, might be the very consideration that would induce him to become a party to the lease; and to hold that the landlord could refuse to furnish the assistance and the team, and that the lessee would be compelled to employ a man and either purchase or hire a team or forfeit the lease upon which he had paid a thousand dollars in advance, would be a gross injustice which no court should sanction. This is one of the many reasons which have led to the establishment of the rule that courts will, when the common sense of the situation seems to justify it, hold covenants of this character to be dependent rather than otherwise.

Said Mr. Justice THOMPSON in *Bank of Columbia* v. *Hagner,* 1 Pet. (26 U. S.) 455, 464 (7 L. Ed. 219):

"Although many nice distinctions are to be found in the books upon the question, whether the covenants or promises of the respective parties to the contract, are to be considered independent or dependent, yet it is evident the inclination of the courts has strongly favored the latter construction as being obviously the most just."

While the case there being discussed did not arise upon an alleged breach of the covenants in a lease, it is difficult to see why the same rule does not apply especially where the action, as in this case, is to enforce a forfeiture of a lease and not an action to recover rent, or for damages for breach of covenant, in which latter case the lessee, under our liberal system of pleading, might be permitted to counterclaim for a breach of the covenant to furnish assistance in clear-

ing the land, if by such failure he lost the use of the land for pasture or for hay.

2. We are not able to agree with the learned judge as to the propriety of the instruction excepted to. Taking the lease by its four corners we think its evident intent is that the work of clearing the first tract was to be performed during the year beginning November 10, 1916, and ending November 10, 1917. This is indicated by that clause of the lease providing for the rental for the second year, which, after providing for the rent to be paid otherwise than in clearing, continues:

"And in addition to this rental for the second year of the lease, the lessee agrees to pick up, pile and clear the second premises hereinbefore mentioned, in the same manner as he is to clear and improve the other premises as hereinbefore mentioned, except that the lessors shall not be required to furnish any assistance to the lessee unless the lessee elects to do the work during the winter of 1916–17."

It was evidently in the contemplation of the parties that the work upon the first tract should be completed during the winter of 1916–17, and if the lessee should choose to "make one bite of the cherry" and clean up both tracts during that year instead of waiting until the rental year of 1917–18, the lessors were to furnish assistance to complete both tasks. The clearing was a part of the rent to be paid for the first year, and where the lease fixes a yearly rent and makes no provision for its payment, it must be paid at the end of the year just the same as if the agreement was to pay in money or in a proportion of the crops. In the latter case the authorities hold that the rent is payable when the crop is harvested or within a reasonable time thereafter, and that the landlord may distrain for his share without waiting until the end of the rental year: *Toler* v.

*Seabrook, Admr.,* 39 Ga. 14; *Brown* v. *Adams,* 35 Tex. 447.

3. We hold that the covenant to clear the land was, by the terms of the lease, to be performed within the rental year, and that it was error to instruct the jury that it was sufficient if the defendant should perform within a reasonable time since this would leave the jury free to say that any time within the limits of the five years which the lease covered was reasonable, but we repeat that the defendant was not bound to perform his part of the agreement in the face of the refusal of plaintiff to furnish him the assistance which his contract bound him to provide.

We do not think the amendment to the answer allowed in the Circuit Court was so foreign to the defense allowed in the Justice's Court as to substantially change the cause of defense tried there. Courts should be exceedingly liberal in allowing amendments which are obviously in furtherance of justice, and this should be especially the rule in regard to defendants, for while plaintiffs—if their pleadings are insufficient —may dismiss and begin again a defendant has no such opportunity.

For the error in the instruction above noted the judgment will be reversed and the cause remanded to the court below for a new trial.

REVERSED AND REMANDED.