Argued December 2, reversed December 21, 1926, rehearing denied January 18, 1927.

## P. S. JOHNSTON *v.* CITY OF GRANTS PASS.

(251 Pac. 713.)

**Pleading—Amending Complaint Based on Common-law Negligence to Set Out Violation of Ordinance as Negligence Before Issues Made Held Discretionary.**

1. Where original complaint was based upon common-law negligence, and court permitted amendment of complaint by setting out ordinance, violation of which was ground of negligence on which action was tried, allowance of amendment before issues made *held* within discretion of court.

**Municipal Corporations—City is not Liable for Negligence of Fireman in Performance of Duty.**

2. City is not liable for negligent acts of fireman in performance of his duty, since firemen are public officers and are not agents of city in its corporate or proprietary capacity.

**Municipal Corporations—City Held not Liable, Under Ordinance, for Fire Set by Fireman to Burn Grass at Request of Property Owner.**

3. Under ordinance providing for burning of grass by property owner or by city, in case owner neglected to do so, city *held* not liable for damages caused by fireman's setting fire to grass at request of adjoining property owner, where owner had been granted permission by fire department chief to burn grass, and fireman went there to superintend burning.

---

Appeal and Error, 4 C. J., p. 854, n. 70.
Municipal Corporations, 28 Cyc., p. 1257, n. 6, p. 1258, n. 8, p. 1303, n. 69, p. 1304, n. 72.
Pleading, 31 Cyc., p. 368, n. 9, p. 393, n. 41.

1. See 19 R. C. L. 177.
2. See 19 R. C. L. 1117, 1118.

From Josephine: C. M. THOMAS, Judge.

Department 1.

This is an appeal from a judgment in favor of the plaintiff against defendant for the sum of $700 as damages caused by a fire.  The original complaint was based upon common-law negligence.  By permission of the court the complaint was amended by setting out an ordinance of the City of Grants Pass the violation of which is the ground of negligence upon which the action was tried.  The defendant demurred to the complaint and at the close of plaintiff's case moved for a nonsuit, and at the close of taking testimony moved for a directed verdict in favor of defendant.  It also requested an instruction for a directed verdict in its favor.  The ordinance set out in plaintiff's amended complaint provides for the cutting or burning of wild grass more than three inches high which may be growing upon any premises within the city or in the streets thereof prior to the fifteenth day of May of each year and further provides:

"That if the property owner or person in possession thereof elects to burn the grass upon any premises such burning shall be done upon notice previously given to the chief of the fire department personally, and at such time and in such manner as he shall prescribe and under his supervision, and not otherwise.

"The City of Grants Pass is hereby empowered, and it is hereby made the duty of the street superintendent of said City, in all cases where the owner or occupant of any lot, parcel or tract of real property within said city shall fail to cut and dispose of the grass thereon in accordance with this ordinance, to cut, or cause the same to be cut, and destroy, or if said grass be too dry for convenient or economical cutting, then to burn the same, and the expense thereof shall be charged against the lot, tract or par-

cel of land, and upon entry of such charge in the lien docket of said city, the lien may be enforced by sale of such real property as is otherwise provided for city lien sales of said property within said City.

"Before the street superintendent shall cut or burn grass upon any real property aforesaid, and before the expense thereof shall become a lien thereon, the superintendent shall give notice to the occupant, by posting on said premises a notice stating in substance that if the occupant or owner, as the case may be, shall fail to cut or otherwise destroy the grass upon said premises, street, alley, or sidewalk within ten days from the date of such notice, that the same shall be done by the street superintendent and the expense thereof assessed against said lot, tract or parcel of land.

"If, within the period of ten days after the date of the notice provided in the last preceding section, the owner or occupant of any real property therein mentioned shall have failed to cut, destroy or otherwise remove the grass from said real property, street, sidewalk or alley, then and in that event the street superintendent shall forthwith proceed to cut, burn or otherwise destroy the same as may be most economical and expeditious, and shall make his report in writing to the auditor and police judge of said City, therein giving a true account of any notices issued or posted by him, the description of any tracts of real property upon or in behalf of which expense has been incurred in the cutting, burning or other destruction of grass, and the amount of expense incurred as to each tract, lot or parcel of land and the auditor and police judge shall forthwith enter in the City lien docket a description of each lot, tract or parcel of land and the amount assessed against each respectively."

The errors assigned are the order permitting plaintiff to file the amended complaint and overruling the demurrer thereto, denying the motions for a nonsuit and directed verdict, and giving the instructions given

by the court.  Excepting the error assigned for allowing the amended complaint to be filed, all the other assignments simply raise the question raised by the demurrer to the amended complaint, to wit: That the facts show no liability on the part of the defendant.

REVERSED.

For appellant there was a brief over the names of *Mr. H. D. Norton* and *Mr. Niel R. Allen,* with an oral argument by *Mr. James T. Chinnock.*

For respondent there was a brief over the names of *Mr. C. F. Pruess* and *Mr. Allison Moulton,* with an oral argument by *Mr. Pruess.*

COSHOW, J.—1. It was in the discretion of the court to allow the complaint to be amended as was done.  The amended complaint was filed before the issues were made up and the defendant was not injured thereby: Or. L., § 101; *Holden* v. *Gulstrom,* 89 Or. 133 (173 Pac. 672); *Zimmerle* v. *Childers,* 67 Or. 465 (136 Pac. 349).

2, 3. It has been uniformly held that a city is not liable for the negligent acts of a fireman in the performance of his duty.  Firemen are public officers and are not the agents of the city in its corporate or proprietary capacity.  Their duty is governmental and they represent the public as an arm of the state for whose acts municipalities are not liable.  In *Wagner* v. *Portland,* 40 Or. 389, 395 (60 Pac. 985, 67 Pac. 300), Mr. Justice WOLVERTON observed:

"Undeniably, municipalities, when acting through their fire departments in the preservation of property from the devastation of fire, are in the exercise of a purely governmental function, and their officers and agents represent the public, as an arm of the state, for whose acts the corporations are not liable."

See, also, the authorities cited in that opinion. This seems to be the universal rule: Jones on Negligence of Municipal Corporations, 38, § 27; Fruend on Police Powers, 113, § 118; *Workman* v. *New York City,* 179 U. S. 552, 575 (45 L. Ed. 314, 21 Sup. Ct. Rep. 212, see, also, Rose's U. S. Notes); 22 Am. & Eng. Ency. of Law (2 ed.), 916, 918, 920, 928; 13 Am. & Eng. Ency. of Law (2 ed.), 80; 19 R. C. L. 1117, § 398; *Cunningham* v. *Seattle,* 42 Wash. 134 (84 Pac. 641, 7 Ann. Cas. 805, 807, 4 L. R. A. (N. S.) 629), and notes subtended thereto.

Defendant relies upon Section 358, Or. L., as authority for holding the city liable in damages. This section has been recently construed by this court to the contrary: *Gearin* v. *Marion County,* 110 Or. 390 (223 Pac. 929); *Platt* v. *Newberg,* 104 Or. 148, 163 (205 Pac. 296). The difference between governmental and ministerial powers exercised by a municipality is clearly distinguished in an opinion by Mr. Justice Burnett in *Giaconi* v. *City of Astoria,* 60 Or. 12, 34 (113 Pac. 855, 118 Pac. 180). See, also, *Humphry* v. *Portland,* 79 Or. 430, 433 (154 Pac. 897).

"It will thus be seen that on general principles it is necessary, in order to make a municipal corporation impliedly liable on the maxim of *respondeat superior* for the wrongful acts or negligence of an officer, that it be shown that the officer was its officer either generally or as respects the particular wrong complained of and not an independent public officer; and also that the wrong was done by such officer while in the legitimate exercise of some duty of a corporate nature which was devolved on him by law or by the direction or authority of the corporation. 2 Dillon, Munic. Corp., § 974." 19 Or. 496, 501.

The fire which caused the damage was set, it is claimed, by a fireman of the city. As appears from

the excerpts set out above from the ordinance of the defendant city, the fireman had no authority to burn the grass. This particular fire was started at the request of the owner of property adjacent to the tract on which the fire was set. That owner was granted permission to burn the grass by the chief of the fire department as required by the ordinance. The fireman went to the place with a chemical truck for the purpose of superintending the burning and preventing the fire from spreading. It is argued that because the fireman himself touched the match to the dry grass the city is liable. This position is equally untenable. Under the ordinance upon which plaintiff claims the city is liable, it was no part of the duty of the fireman to set the fire. He was there for the purpose of performing his duty as a fireman by protecting property from the spread of the fire. Even if he violated the ordinance by starting the fire the city is not liable. The city did not violate the ordinance. The city is not liable under all the authorities for an unauthorized act of a fireman in the performance of his duty: 9 R. C. L. 1118; *Smith* v. *City of Rochester,* 76 N. Y. 508; *State* v. *Ringold,* 102 Or. 401, 404 (202 Pac. 734); Smith, Modern Law of Munic. Corp., 797, § 792.

We have found no case where a municipality has been held liable in damages for the negligent act of its firemen. The plaintiff has not cited such a case in his brief. The only case called to our attention announcing a different rule is found in the majority opinion in *Workman* v. *New York City et al.,* 179 U. S. 552 (45 L. Ed. 314, 21 Sup. Ct. Rep. 212, see, also, Rose's U. S. Notes). This case was decided according to the principles of maritime law and has no application here. Plaintiff has contented himself by

citing cases only where the city was involved in its corporate or proprietary capacity. As clearly shown by the authorities above cited there is a wide distinction between the liability of a city in its corporate and governmental capacities. It is not necessary for us to determine in this case whether or not the city would have been liable had the council directly ordered the fire to have been set as it was. Whether the fireman was acting strictly within his official duties in setting the fire or exceeded his authority under the ordinance is immaterial for in either case the city is not liable for his acts. He is a public officer representing the public and is not an agent or officer of the city in its corporate capacity.

The judgment is reversed. The cause is remanded, with instructions to dismiss the case.

REVERSED AND REMANDED, WITH INSTRUCTIONS.

McBRIDE, C. J., and BELT and RAND, JJ., concur.

---

Rehearing denied January 19, 1927.

ON PETITION FOR REHEARING.

(252 Pac. 1118.)

For appellant, *Mr. James T. Chinnock, Mr. H. D. Norton* and *Mr. Niel R. Allen.*

For respondent, *Mr. C. F. Pruess* and *Mr. Allison Moulton.*

COSHOW, J.—A petition for rehearing has been presented urging that the court in its former opinion did not pass upon the question presented by the appeal. It is claimed that the fire was set out on unoccupied lots without any request from the owners.

The ordinance prescribes that the superintendent of streets shall burn grass, unless the owner of the land burns the same in accordance with the ordinance referred to in the former opinion.   We have carefully re-examined the record.   The record clearly discloses that the fireman who started the fire was sent to the place of fire in his capacity as a fireman, in accordance with the ordinance with a permit to the owner of adjoining premises to burn the grass on her premises.   There is no evidence at all that any attempt was made by the superintendent of streets to burn the grass in accordance with the ordinance.   The question of the liability of the city for any neglect exercised by the superintendent of streets when acting under the ordinance is not presented by this appeal or by the case.   The city is no more liable for the act of the fireman in starting the fire without authority than it would be if a transient or some children had started the fire.   Accepting the verdict of the jury as conclusive that the fire was started by the fireman, we are constrained to adhere to our former opinion, because his act was entirely unauthorized and no attempt was made by him or any other officer of the city to comply with the ordinance directing the burning to be done by the superintendent of streets. All of his conduct was ostensibly under authority of the permit issued to the owner of the adjoining premises.   The fireman personally might be liable for his unauthorized act, but the city cannot be held liable under the circumstances of the facts disclosed by this proceeding.   Rehearing is denied.

REHEARING DENIED.

McBRIDE, C. J., and BELT and RAND, JJ., concur.