Argued November 7; reversed December 5, 1939

ADAMS ET UX. *v.* CITY OF TOLEDO ET AL.

(96 P. (2d) 1078)

Department 1.

*William P. Lord,* of Portland (T. Walter Gillard and Ben C. Fleischman, both of Portland, on the brief), for appellants.

*W. H. Waterbury* and *Earl P. Conrad,* both of Toledo (G. B. McCluskey, of Toledo, on the brief), for respondents.

KELLY, J. The amended complaint discloses that defendant City of Toledo is a duly incorporated city

in Lincoln county, Oregon, maintaining a fire department and employing a fire chief; that plaintiffs are the owners of certain real property lying immediately west of and fronting upon Railroad street in said defendant city; that until the same was destroyed by the fire hereinafter mentioned, there was upon said parcel of real property a frame or wooden building used by plaintiffs for residential and commercial purposes.

The further pertinent allegations in plaintiffs' amended complaint are as follows:

## "III

"That prior to and until the same was destroyed by fire as hereinafter alleged there was situated upon the westerly side of said Railroad street, within said city of Toledo, a certain other two-story or frame building which, on the 13th day of July, 1937, was very dry, unoccupied and vacant except that it was largely filled with dry wooden boxes, paper and other inflamable rubbish, said building being situated south of and within approximately 50 feet of the building occupied by plaintiffs and within such close proximity thereto that fire set therein and allowed to consume the same would be likely to spread to and destroy said building occupied by plaintiffs, all of which was on and prior to the 13th day of July, 1937, well known, or by the use of due diligence should have been known to the common council of said city of Toledo and Owen Hart.

## IV

That on the 13th day of July, 1937, said Owen Hart and for more than three months last prior thereto had been employed by said city of Toledo as Fire Chief to direct the operations of its fire department, and that on or prior to said date, the exact time being to plaintiff unknown, the common council of said city of Toledo ordered and directed said Owen Hart to destroy said unoccupied building for the reason that

the same was a fire menace or hazard and dangerous to said city of Toledo; and that thereafter and on said 13th day of July, 1937, said Owen Hart, after having first saturated said boxes, paper and other rubbish within said building with a large quantity of gasoline, kerrosene or other inflamable liquid, the nature of which is to plaintiff unknown, did negligently, carelessly, wrongfully, unlawfully, and with reckless disregard for and indifference to the rights of this plaintiff, kindle and set a fire in said materials so saturated with inflamable liquid for the purpose of destroying said building, without having the fire department of said city of Toledo or any fire-fighting apparatus of any kind on hand and without taking any precaution or making any preparation of any kind to control said fire or to prevent it from spreading to and destroying plaintiff's said property, all with the knowledge, consent, and under the authority and direction of the common council of said city of Toledo, said common council and Owen Hart then and there well knowing, or by the use of due diligence should have known, that said fire would be likely to spread to and destroy plaintiff's said building and their personal property then being therein.

V

That as a result of said careless and negligent acts and omissions on the part of the defendants, and not otherwise, immediately after said fire was so kindled and set the same spread to and caught in the buildings on plaintiffs' said real estate and burned and destroyed property belonging to plaintiffs hereinafter described and of the value hereinafter set forth, to-wit:"

[Here follows an itemized list of buildings and personal property consisting of furnishings, etc., destroyed, together with values, amounting in the aggregate to $7,539.90, which list is omitted here as serving no purpose in this opinion.]

In support of its demurrer to plaintiffs' amended complaint defendant city contends that only the common council of said city is charged with the tortious actions upon which plaintiff's case is based; that said tortious conduct was *ultra vires*; and that in destroying the unoccupied building defendant city was acting in its governmental or political capacity.

■ We are unwilling to hold that the City of Toledo is not charged with said tortious conduct by the allegations that it was the common council of said city that did the things comprising such conduct. The charter granting municipal power and authority to said city employs the same phraseology as that which plaintiffs use.

We quote from section 8 of said charter:

"Section 8. The Mayor and Councilmen shall comprise the Common Council of said city of Toledo, and at any meeting shall have exclusive power—"

Here follows thirty-four subdivisions covering practically all the municipal functions to be performed by said city, except those pertaining to the waterworks and the lighting plants which prerogatives are reposed in a water and light commission.

To hold that the city is not charged with conduct set forth in plaintiffs' amended complaint would be tantamount to holding that the city of Toledo is not given any express municipal authority by its charter. This charter was enacted more than a third of a century ago and the practical construction given to it dispels the criticism which otherwise might occur because of its rather restrictive phraseology. We think that no one could be misled by the language in plain-

tiffs' amended complaint into thinking that the city of Toledo was not charged with the tort therein alleged.

■ We are also unable to agree with defendant city that its alleged conduct, of which plaintiffs complain, was *ultra vires*. It will be noted that it is alleged in said amended complaint that—

"The common council of said city of Toledo ordered and directed said Owen Hart to destroy said unoccupied building for the reason that the same was a fire menace or hazard and dangerous to said city of Toledo."

Subdivision 5, of section 8, of the said charter of Toledo grants the power "to prevent and remove nuisances, and to declare by general rules what shall constitute the same".

Subdivision 12 thereof grants the power "to establish and regulate a fire department; to provide for the prevention and extinguishment of fire".

We think that for the purpose of deciding the question presented by defendant's demurrer, namely, whether plaintiffs' amended complaint states a cause of action against demurrant, we are justified in holding that said amended complaint alleges that said defendant city abated a public nuisance by destroying it. Construing the charter of said city as it has been understood for more than thirty years, we hold that such a course was within the authority and power of said defendant city and hence its alleged acts were not *ultra vires.*

■ We agree with defendant city that in abating the public nuisance said city acted in its political or governmental capacity.

Said city contends that it is immune from liability for the negligent manner in which a governmental or political act is performed.

On rehearing of the case of *Giaconi v. City of Astoria,* 60 Or. 12, 24, 113 P. 855, 118 P. 180, 37 L. R. A. (N. S.) 1150, this doctrine was refuted. There, through Mr. Justice BURNETT, this court quoted approvingly from *Kobs v. Minneapolis,* 22 Minn. 159, as follows:

"The Supreme Court of Minnesota * * * holds the municipality liable for turning an unusual quantity of water from the street upon plaintiff's premises. Although the city had right under its governmental functions to abate the nuisance of standing water, yet, says the court, 'the act of removal was a ministerial one, in the performance of which the defendant was legally bound to take all such reasonable care and precaution against possible and contingent injuries to others as a discreet and cautious individual would and ought to exercise under like circumstances, were the whole loss or risk to be his alone.' "

■ Moreover, there are exceptions to the rule that a city is immune from liability for the manner in which it performs a governmental act. One of these exceptions is that, even, in the performance of a governmental act, if the municipality is guilty of active wrongdoing, there is no immunity for damages resulting from such active wrongdoing: *Allas v. Borough of Rumson,* 115 N. J. L. 593, 181 Atl. 175, 102 A. L. R. 648, and cases there cited.

■ Another exception arises where a municipal corporation creates and maintains a nuisance: *Hoffman v. City of Bristol,* 113 Conn. 386, 155 Atl. 499, 75 A. L. R. 1191, and cases cited in Annotation, beginning at page 1196, ibid.

■ In effect, it is charged in the amended complaint herein that under the authority and direction of the common council of the City of Toledo, after having saturated dry wooden boxes, paper and other inflam-

mable rubbish, in said unoccupied building, with a large quantity of gasoline, kerosene or other inflammable liquid, the fire chief of said city kindled and set a fire in said material for the purpose of destroying said building. Such a course was active wrongdoing, as distinguished from negligence; and the result was to create a temporary nuisance.

■ This court, through Mr. Justice HENRY J. BEAN, has defined a nuisance thus:

"A nuisance is public where it affects the rights enjoyed by citizens as part of the public, that is, the rights of which every citizen is entitled. A private nuisance is anything done to the hurt, annoyance or detriment of the lands or hereditaments of another, and not amounting to a trespass. The difference between public and private nuisances does not depend upon the nature of the thing done, but upon the question whether it affects the general public or merely some private individual. Therefore the same act or structure may be a public nuisance and also a private nuisance as to a person who is thereby caused a special injury other than that inflicted upon the general public." *State v. Ringold,* 102 Or. 401, 404, 405, 202 P. 734.

■ A city has no more right than an individual to create a nuisance, and if it does so it is subject to the same liability as an individual: *Miller v. City of Woodburn,* 134 Or. 536, 294 P. 349; *Wilson v. City of Portland,* 153 Or. 679, 685, 58 P. (2d) 257.

The demurrer to plaintiffs' amended complaint should have been overruled. The judgment of the circuit court is reversed and the cause remanded for such further proceedings as may not be inconsistent herewith.

RAND, C. J., and ROSSMAN, J., concur.

BAILEY, J., concurs in the result.